### IRISH versus CUTTER.

One who purchases an unindorsed negotiable note, and afterwards writes his name with the word "holden" upon the back of it, and sells it for value, may be held as a guarantor.

But such a contract of guaranty is not negotiable. It is binding in favor of that person only, to whom he sells the note, and does not pass to subsequent holders.

It will not support an action in the name of the promisee, as plaintiff.

ASSUMPSIT, transferred from the District Court upon legal questions stated. Irish is the nominal, Severance is the real, plaintiff. One Farrington signed a negotiable note to Irish, who assigned the same, without indorsement, to Cutter, the defendant. Cutter afterwards, having written his name and the word "holden" on the back of the note, sold it, for value, to Abbot, who, afterwards and before the pay-day of the note, sold and assigned it, (without indorsing it,) to Severance, for whose use, without any authority from Irish, this suit is brought.

The legal questions presented, are ; — 1st. Can an action be maintained against Cutter, whose indorsement on the note was made, as above stated, after it had passed out of the hands of Irish ; — 2d. Can this suit be maintained in the name of *Irish*, as plaintiff ?

*A. R. Bradley*, for the plaintiff.

The defendant may be held as an original promisor; or he may be considered a guarantor of the note. Story on Prom. Notes, c. 4, § 138, 139.

The indorsement of the defendant should be considered as filled by such words, as will effectuate the intent. Sec. 479 and seq.

Holders, subsequent to Cutter, might well suppose the indorsement to have been made at the inception of the note.

The indorsement being in blank, was a license to use the payee's name. *Bean* v. *Arnold*, 16 Maine, 252 ; *True* v. *Fuller*, 21 Pick. 140 ; *Champion* v. *Griffith*, 13 Ohio, 228 ; *Strong* v. *Riker*. 16 Vermont, 554 ; *Flint* v. *Day*, 9 Vermont, 345 ; *Stoney* v. *Beaubien*, 2 McMullen, 313 ; *Jordan*

Irish *v.* Cutter.

v. *Garnet,* 3 Alabama, 610 ; *Harriman* v. *Hill,* 14 Maine, 129 ; *Tenney* v. *Prince,* 4 Pick. 385 ; *Reed* v. *Garvin,* 12 Serg. & Rawle, 100.

*D. R. Hastings,* for the defendant.

Shepley, C. J. — When a person not a party to it indorses his name in blank upon the back of a negotiable promissory note at the time of making, or subsequently as of that time to give it currency, and before it has been endorsed by the payee, the presumption of law is, that he designed to become an original promisor. *Moies* v. *Bird,* 11 Mass. 436 ; *Chaffee* v. *Jones,* 19 Pick. 260 ; *Austin* v. *Boyd,* 24 Pick. 64; *Martin* v. *Bird,* 11 N. H. 385 ; *Strong* v. *Ricker,* 16 Verm. 554 ; *Hough* v. *Gray,* 19 Wend. 202.

When such an indorsement is made for a valuable consideration at a subsequent time, the presumption of law is, that he intended to become a guarantor of the final payment of the note. *Ulen* v. *Kittredge,* 7 Mass. 233 ; *Tenney* v. *Prince,* 4 Pick. 385 ; *Oxford Bank* v. *Haynes,* 8 Pick. 423 ; *Beckwith* v. *Angell,* 6 Conn. 315 ; *Champion* v. *Griffith,* 13 Ohio, 228 ; *Camden* v. *McCoy,* 3 Scam. 437 ; *Jordan* v. *Garnett,* 3 Ala. 610.

In this case the indorsement was made by the defendant for a valuable consideration, received of George Abbott, after the note was made, and before it had become payable or been indorsed by the promisee, with the word holden added to his name. That word would render the liability assumed, an absolute one. *Bean* v. *Arnold,* 16 Maine, 251 ; *Blanchard* v. *Wood,* 26 Maine, 358.

The defendant must therefore be regarded as an absolute guarantor to Abbott, that the note shall be paid. There is no indication that he intended to make himself thus liable to any other person than the one, with whom he made his contract. The law will supply the proper words to carry into effect his contract as a guarantor, and those thus supplied, with the word holden used by him, will make his contract similar in terms to

that of the defendant in the case of *Springer* v. *Hutchinson*, 19 Maine, 359, which was decided not to be negotiable.

Neither the plaintiff, nor Severance, for whose benefit this suit was commenced, can maintain an action upon that guaranty. *Plaintiff nonsuit.*