WILLIAM H. STURTEVANT *versus* BENJAMIN RANDALL.

When a negotiable promissory note bears upon its back the names of the payee and another person, — the former above the latter, — the presumption is, in the absence of all controlling proof, that the payee indorsed it to the one whose name is under his, and the latter to some third party.

The contract *implied*, from one's placing his name in blank upon the back of a negotiable promissory note, is not a *written* contract so far complete in itself as to exclude parol evidence to show his connection with such note.

As between the original parties to such contract, or those having their rights, parol evidence is admissible to prove the circumstances which will determine its character.

When a judgment has been rendered against a person upon the verdict of a jury finding him to be an original promisor of the note in that suit instead of an indorser, as he alleged himself to be in his specifications of defence, he is estopped to deny that relation in any litigation with any other party to the note.

If the grounds of a judgment appear by the record, they must be proved by the record alone.

But, if the record need not and does not exhibit the grounds upon which the judgment proceeded, it may be shown, by parol evidence, that matters which might have been admissible under the pleadings were presented and considered in the adjudication.

A brief statement, when made with sufficient precision, becomes to all intents and purposes a substitute for the special plea.

Under a count for money had and received and money paid, a note bearing on its back the defendant's name would be admissible under the general issue.

And if the jury should find the defendant signed as original promisor instead of indorser, such finding would not be repugnant to the issue.

ON REPORT from *Nisi Prius*, BARROWS, J., presiding. The facts sufficiently appear in the opinion.

*Tallman & Larrabee*, for the plaintiff.

*S. May*, for the defendant.

| | |
|---|---|
| 53 | 149 |
| 54 | 396 |
| 58 | 164 |
| 61 | 398 |
| 61 | 543 |
| 62 | 570 |
| 65 | 29 |
| 75 | 517 |
| 53 | 149 |
| 85 | 484 |

BARROWS, J. — Assumpsit. The writ contains a count for money had and received and money paid, with specification of a promissory note signed by William Patten payable to the present defendant, upon the back of which the

plaintiff and defendant have severally written their names, the latter above the former. No date or writing indicates when or for what purpose these names were placed there.

From the order in which they stand on the paper, in the absence of any controlling proof, the presumption would be that the defendant indorsed the note as payee thereof to the plaintiff, who subsequently had indorsed it to some third party. The signatures being admitted, the presentment of such a note by the plaintiff, if the case stopped there, would doubtless entitle the plaintiff to judgment.

But the defendant claims that, notwithstanding the signature of the plaintiff appears on the back of the note beneath his own, it was placed there in the inception of the note, and in the character of an original promisor with William Patten to himself, and that this fact has been conclusively established by the judgment in the suit of Hatherly Randall, his indorsee, against the present plaintiff, so that the plaintiff is estopped from denying it.

The plaintiff objects first, that if this estoppel existed and was to be relied upon by defendant, it should have been specially pleaded in bar, and, not being so pleaded, it is not conclusive. In his specifications of defence, filed in this suit according to the statute, the defendant did set out the judgment in favor of Hatherly Randall, averring that it was recovered against the plaintiff, as an original promisor upon the note; and he presents it in a brief statement of special matter of defence, claiming that plaintiff is thereby estopped from maintaining this action, and from putting in testimony in this suit to show that he was not an original promisor upon the same. Whatever different opinions may be entertained of the wisdom of the legislation which allows the general issue to be pleaded in all cases with a brief statement of special matters relied on in defence, it was no part of the object of the Legislature to set a trap for the feet of the unwary. An election of this sort being given, the brief statement, when made with sufficient precision, becomes, to all intents and purposes, a substitute for the special plea, the

place of which it is allowed to supply. The statement of the points therein made is equivalent to the filing of so many special pleas, and gives to the party filing it substantially the same rights. The difference is of form, merely, and not at all of effect. If the estoppel attaches, the objection to the form of pleading it cannot avail. To dispose of this point, it is not necessary for us to decide whether or not the weight of reason and authority would not require us to hold that, where a former recovery is simply given in evidence, it is equally conclusive in effect as if it were specially pleaded by way of estoppel. When that question necessarily arises, the arguments urged by KENNEDY, J., in *Marsh* v. *Pier*, 4 Rawle, 288, and seq., and other similar considerations which readily suggest themselves, will deserve careful consideration, before we hold that the conclusiveness of judgments and the consequent peace of the community, and the convenience of fresh litigants shall depend upon the option of persons litigiously disposed, or upon the accuracy of pleaders.

The record of the judgment, *Hatherly Randall* v. *Wm. H. Sturtevant,* exhibits a declaration against the present plaintiff, containing a count against him as second indorser of the Patten note, and *also the money counts*, a joinder of the general issue, a disagreement of the jury on the first trial, and a verdict upon a second trial as follows : — " the jury find that the defendant did promise, &c., and they further find that he signed the note as original promisor," upon which verdict, after a hearing upon exceptions and a motion for a new trial, judgment was finally rendered. Hereupon Sturtevant contends that if any estoppel is raised by that judgment between the parties in the present suit, it does not affect his maintenance of his action here, but that the defendant is estopped from asserting that he was connected with the Patten note, except as second indorser, according to the allegations in the first count in Hatherly Randall's writ, and that the finding of the jury, that he signed it as an original promisor, should be rejected as surplus-

age repugnant to the pleadings. Were the *first* count the *only* one in Hatherly Randall's writ, this ground might be tenable; as it is, it is only plausible. Under the money count the note would be evidence, and the issue joined in Hatherly Randall's suit would be found against Sturtevant, if he was liable upon the note, absolutely, as an original promisor, as the jury expressly found. There is nothing repugnant or beyond the scope of the issue tried in such finding, and it cannot be rejected as surplusage. On the contrary, it determines what was the precise point litigated in the suit of this defendant's indorsee against the plaintiff here, and which, having been once fully tried and settled upon the merits by a verdict of the jury and judgment thereon, cannot again be litigated between the parties to that suit or their privies. In his specifications of defence to Hatherly Randall's suit, the present plaintiff alleged that he indorsed the Patten note for the accommodation of Benjamin Randall, the present defendant, and at his request, and that Benjamin indorsed it to Hatherly after it fell due, but the jury found expressly that he signed it as an original promisor. It is manifest that if the result had been different, if the jury had found that Sturtevant placed his name upon the note as an indorser, according to the allegation in his specifications, and not as an original promisor, that question would have been settled conclusively, by the rendition of judgment upon that verdict, not only as between the parties thus litigating, but as to all in privity with Hatherly Randall in relation to the note. By such a result this defendant would have been conclusively estopped from again agitating that question had he paid the note to his indorsee, Hatherly Randall, and then vexed the present plaintiff with a suit upon such ground. *Durham* v. *Giles & als.*, 52 Maine, 206.

It is probable that, if the jury had affirmed the ground taken by the plaintiff, in Hatherly Randall's suit against him, and thereupon Benjamin Randall, taking up the note, had claimed to try the same question over again, in a new

suit, the importance and justice of the maxim "*nemo debet bis vexari si constet curiae quod sit pro una et eadem causa*" would have been more apparent to the party now claiming to renew the litigation upon a point once thoroughly tried and distinctly determined in this Court, in a suit to which he was a party. But there are others besides these parties interested here. *Expedit Reipublicae ut sit finis litium.* Where, as here, the record of a judgment shows that the identical point has been once determined upon judicial investigation, in the absence of fraud and collusion, the fact thus established must be deemed and taken to be true as to the parties to the suit and all in privity with them. The plaintiff has had his day in Court, and a jury have determined that his connection with that note is that of an original promisor. Judgment has been rendered upon that verdict, and he is estopped to deny the truth of it in any litigation with any other party to the note. He was not an accommodation indorser *for* Benjamin Randall, but an original promisor *to* him. It is not pretended that the note was originally *made* for the accommodation of Benjamin Randall. The express finding that the plaintiff signed the note as an original promisor is part of the record, and we have already seen that it is not repugnant to the issue joined in the case. That it was the matter directly in issue, and the question upon which the case turned, looking at the record alone, there is hardly room to doubt. But nothing is to be left to inference where an estoppel is relied on. With a finding thus explicit, it seems almost unnecessary to discuss the question how far evidence *dehors* the record is admissible, to ascertain more distinctly what the question was, which was directly put in issue, heard and decided.

It may be remarked, however, that the rule seems to be well established, that what appears by the record is to be proved by the record only, and nothing contradictory thereto can be admitted; but what need not and in fact does not appear by the record, if necessary to establish the identity of the subject matter or of the grounds upon which the

judgment proceeded, may be supplied by parol proof, to the extent of showing whether matters that might have been admissible under the pleadings were or were not actually presented and considered in the adjudication. *Chase* v. *Walker*, 26 Maine, 559, and cases there cited; *Palmer* v. *Thompson*, 3 Pick., 434; *Dunlap* v. *Glidden*, 34 Maine, 519, and cases there cited.

We have already referred to the specifications of defence, filed by the plaintiff here, in Hatherly Randall's suit against him, as assisting to demonstrate what was the direct issue tried to the jury in that case. They are not part of the record, for the parties here have made them part of this case, and, doubtless, they would be admissible evidence for the purpose just referred to. Other parol evidence, were it necessary ,would be admissible within the rule above stated, to place it beyond a doubt that the identical question, which the plaintiff proposes to litigate here, was put directly in issue, and was passed upon by the jury in the former case. It is one of the stipulations in the report to which the parties here have agreed, that, " if parol evidence is admissible to prove any fact in relation to the former trial, which, in connection with the judgment, verdict and proceedings aforesaid, would create an estoppel, then the plaintiff is to become nonsuit." If it could be said that the general character of the pleadings leave a possible doubt as to what the ground of the verdict and judgment in Hatherly Randall's suit was, this stipulation must be taken as an admission that parol evidence, if admissible, would abundantly establish the fact, that the question directly in issue in that case was whether the plaintiff became a party to the note for the accommodation of this defendant, or as an original promisor *to* him, and, through him, to Hatherly Randall, standing, for the purposes of that trial, in the same position that the payee would have done. It was decided against the present plaintiff, and, for reasons heretofore stated, that determination must be held conclusive.

It is, perhaps, not necessary to determine whether, if this

were *nova res* instead of *res adjudicata*, parol evidence would be admissible to show in what capacity and for what purpose the plaintiff put his name on the note, and whether he signed it as indorser or as an original promisor; but, as the question was disposed of in the previous case without a written opinion, it may not be amiss briefly to state here the grounds for holding that, where the matter has not been once tried and passed into judgment, parol evidence would be admissible to show whether an individual signing his name in blank upon the back of a note was to be held as an indorser or as an original promisor, and this without regard to the position in which his name stands on the paper in relation to that of the payee. The objection urged, is, that it is in effect allowing parol evidence to vary and contradict a written contract. The fallacy of the objection consists in confounding the contract implied by law where one places his name in blank upon the back of a note with a *written* contract. It is not a written contract which is so far complete in itself as to admit of the application of this rule, before the character of the liability assumed shall have been determined by ascertaining such details of the time of signature, absolute, and relative, the purpose and intention of the contracting parties, when the signature was placed there, and other circumstances, as may properly affect the contract and settle the question whether the liability assumed is absolute or conditional, — that of a promisor or an indorser or a guarantor. From a series of decisions in Massachusetts and this State, viz., — *Moies* v. *Bird*, 11 Mass., 436; *Baker* v. *Briggs*, 8 Pick., 130; *Chaffee* v. *Jones*, 19 Pick., 260; *Austin* v. *Boyd*, 24 Pick., 64; *Samson* v. *Thornton*, 3 Met., 275; *Richardson* v. *Lincoln*, 5 Met., 201, in Massachusetts; *Colburn* v. *Averill*, 30 Maine, 310; *Irish* v. *Cutter*, 31 Maine, 536; *Adams* v. *Hardy*, 32 Maine, 339; *Malbon* v. *Southard*, 36 Maine, 149; *Lowell* v. *Gage*, 38 Maine, 36; it may be deduced as settled law that, when one, not the payee of a negotiable promissory note, indorses it in blank, *at its inception*, the legal presumption arising from the act

is that it was done for the same consideration with the written contract on the face of the note, and the person thus indorsing will be holden as a surety and an original promisor; if the same act is done *at some subsequent time, but without a previous indorsement* by the payee, there is no such presumption as to the consideration, and the person thus indorsing will be held, if there was in fact a consideration for his contract, as a guarantor; if the same blank indorsement is made *after* an indorsement by the payee, then the person making it is to be regarded as a subsequent indorser; and, in the absence of date or proof, it is presumed that the indorsement was made at the inception. Now, that these presumptions have not been considered, as between *all* the parties to negotiable paper, to belong to that class of legal presumptions which admit of no opposing evidence, is manifest from the tenor of the reasoning in many of the cases above referred to. In *Moies* v. *Bird*, the directions to the jury, which were sustained as correct, were that the defendant would be considered as a surety for him who signed on the face of the note, "unless the indorsement had been explained by the evidence and proved to have been made with some different intent and purpose, and it was incumbent on the defendant to prove some different meaning or intent of his signature."

In *Chaffee* v. *Jones*, SHAW, C. J., says, that "this is the legal import and effect of such a note *independent of any extrinsic evidence.*"

But, aside from numerous *dicta* of similar import, it is too plain to need elucidation that in such cases parol evidence *must* be resorted to, in the absence of anything in writing, to determine *what the contract actually was*, whether that of an original promisor, guarantor, or indorser to transfer the title, and that this is no infringement of the wholesome rule that parol evidence shall never be received to vary or contradict a written contract.

Nor is it to be inferred that, when the circumstances are once ascertained which settles the character of the liability

assumed, proof of any verbal agreements inconsistent therewith would be admissible to change it.

Undoubtedly the order in which the names stand upon the back of the note would be *prima facie* evidence of the relative time at which the indorsements were made, and it may well be, that, as against an innocent indorsee for value, in the regular course of business, the policy which aims to facilitate commercial intercourse, by means of negotiable paper, would prohibit a defendant from asserting any extrinsic matter to vary the apparent liability; but, as between the original and immediate parties to the contract, or those occupying *their* position and having *their* rights only, the consideration of the contract is always the subject of inquiry until once judicially determined. Hence, in this very case, the note having been indorsed to Hatherly Randall after it fell due, the present plaintiff, *then* defendant, claimed, and rightfully claimed, that he was at liberty to show that he became a party to the note for the accommodation of Benjamin Randall, the payee. Hatherly Randall had no rights but those of the original promisee, Benjamin Randall, and, as we have already seen, if Sturtevant could have maintained his position, to the satisfaction of the jury, any claim of Benjamin Randall to recover upon the note, against him, would have received an effectual quietus. The decision was adverse to Sturtevant; it concludes him, and the result must be *Plaintiff nonsuit.*

APPLETON, C. J., CUTTING, WALTON, DICKERSON and DANFORTH, JJ., concurred.