D. A. COCHRAN *et al.*, plaintiffs in error, *vs.* C. H. STRONG, for use, etc., defendant in error.

(By Two JUDGES.)—1. A written contract for payment of specifics not containing operative words of transfer is assignable so as to vest the title in the assignee, who may sue on it in his own name, under Revised Code, section 2218.

2. A written assignment "for value received" indorsed on such an instrument, the instrument not being a promissory note or bill of exchange, does not make the assignor liable as indorsee or guarantor of the instrument; hence he cannot be sued in the same action with the maker.

3. Where such an instrument is assigned to A who, in turn, assigns it to be B, and, by some means, it again comes into the hands of A, he cannot sue on it in his own name for use of last assignee.

4. Where a contract is for the payment of thirty-five bales of cotton, "the above mentioned cotton to be paid out of the cotton, to be paid by S. D. Bridgeman to the said Cochran, under written contract between them, bearing date 22d instant, and now in the hands of D. A. Cochran, and subject to the same liens and contingencies," it is impossible for this Court to construe the contract sued on, in the absence of that between Cochran & Bridgeman. 27th February, 1872.

Parties to Suits. Transfer of Contract for Specifics. Before Judge HARRELL. Terrell Superior Court. May Term, 1871.

C. H. Strong sued, for the use of A. C. Schaeffer & Company, Cochran as maker and King as indorser of the instrument copied in the opinion. Defendant contended that King was not liable on his said indorsement, and that suit on said paper could only be brought by King for the use of the party having the beneficial interest in the paper. The Court ruled against these positions. Defendants then sought to prove

that Bridgeman failed and never paid Cochran any of the cotton alluded to in said paper. The Court ruled out that testimony. Plaintiff had judgment against both defendants. Said rulings are assigned as error.

C. B. WOOTEN, for plaintiffs in error.

F. M. HARPER; GLENN & SON; CLARK & GOSS, for defendant.

MONTGOMERY, Judge.

The defendant in error sued Cochran and Benjamin King upon an agreement made by Cochran, whereby he promised to pay King thirty-five bales of cotton for an half interest in a plantation, the payment to be made out of certain cotton " to be paid by S. D. Bridgeman to the said Cochran, under written contract between them, bearing date 22d instant, and now in the hands of said D. A. Cochran, and subject to the same liens and contingencies." No copy of this last named agreement accompanied the record. The instrument sued on was indorsed—

" For value received, I transfer the within bond to Cicero H. Strong, March 22d, 1867.       .       B. G. KING."

" For value received, I transfer the within bond to Adolphus C. Schaeffer & Co., of New York, August 1st, 1867.

C. H. STRONG."

There were no operative words of transfer in the instrument. The judgment of this Court, as pronounced from the Bench, was as appears in the head notes.

Upon reflection and further examination, I am led to doubt the correctness of the second proposition as above laid down by the Court. The doubt is founded on the following authorities: Code, section 2731 to 2735, inclusive, and section 2740; *Clayton vs. Bussey & Ferrer,* 30 Ga. R., 946; Seymore *vs.* Van Slyck, 8 Wendell, p. 421, and authorities there cited. Jones *vs.* Tales, 4 Mass., 235; Sawyer *vs.* Stimpson,

8 Ill., 260 ; Story on Promissory Notes, secs. 128, 129 and notes ; Chitty on Bills, 159 and notes.

The judgment of the Court below being necessarily reversed upon the other points in the case, nothing further need be said on the proposition now doubted.   See *Southern Bank of Georgia vs. Mechanics Savings Bank*, 27 Ga., 256, pt. [2.]

Judgment reversed.