## GIDEON IVES, Impl'd, etc.
### v.
## WILLIAM McHARD, ET AL.

1. PROMISSORY NOTE—SUBSEQUENT SIGNING BY ANOTHER AS SURETY.— Where a promissory note, long after its execution, is signed by another person, either on the face or on the back, as security, the person so signing is separately liable as a guarantor and not as a joint maker, unless such signing was originally intended, and merely delayed.

2. SUBSEQUENT AGREEMENT TO BE JOINTLY LIABLE.—A subsequent agreement of such signer, by letter to the holders of the note, that he would become as one of the principals in the note, would not make the signing by him an execution of the note *nunc pro tunc*, where in the meantime the payee of the note had died, there being no evidence that the maker of the note consented to such arrangement, or that any of the parties treated the transaction as a taking up of the old note and a delivering of it as a new contract. The undertaking of the signer was collateral, creating a separate and not joint liability.

APPEAL from the Circuit Court of Mercer county; the Hon. JOHN J. GLENN, Judge, presiding.

Messrs. BASSETT & WHARTON, for appellant; argued that a person signing a note, after its delivery, is not a maker, but a guarantor, and cited Tenney v. Prince, 4 Pick. 385; Mecorney v. Stanley, 8 Cush. 85; Stone v. Russell, 8 Gray, 589; Way v. Butterworth, 108 Mass. 510; Miller v. Gasten, 2 Hill, 189; McCaughey v. Smith, 27 N. Y. 39; Rey v. Simpson, 22 How. 341; Good v. Martin, 5 Otto, 90; Garrett v. Butler, 2 Strob. 193; Crooks v. Filley, 50 Cal. 254; Jones v. Ritter, 32 Tex. 722; Crattan v. Simpson, 8 A. & E. 136; Chitty on Bills, 215.

The declaration is against both defendants as makers, and the proof is that Ives signed after the death of the payee, and for a consideration different from the original one: 1 Greenleaf on Ev. § 66; Stone v. White et al. 8 Gray, 593; Hemmenway v. Hicks, 4 Pick. 499; Klein v. Currier, 14 Ill. 237; I. B. & W. R. R. v. Rhodes, 76 Ill. 285; Ill. Cent. R. R. Co. v. Middlesworth, 43 Ill. 64; Snell v. Deland et al. 43 Ill. 323; Seibert et al. v. Bach et al. 36 Ill. 195; Cast v. Roff, 26 Ill. 452.

The agreement to charge only simple interest, alleged to support a consideration for appellant's signature, was without consideration, for appellant was under no liability to pay more than simple interest: McLean v. McBean, 74 Ill. 134; Leonard v. Villars, 23 Ill. 380; Barker v. International Bank, 80 Ill. 96; Hastings v. Wiswell, 8 Mass. 455; Henay v. Flagg, 13 Met. 66; Ferry v. Ferry, 2 Cush. 97; Mulholland v. Bartlett, 74 Ill. 58; Stuber v. Schack, 83 Ill. 191; Paton et al. v. Stewart, 78 Ill. 481; 2 Parsons on Con. 462.

Messrs. Pepper & Wilson, for appellees; that the intention of the parties should govern as to the character in which appellant signed the note, cited Story on Prom. Notes; Tenney v. Prince, 4 Pick. 385.

The addition of appellant's signature became, in effect, the making of a new contract: McCaughey v. Smith et al. 47 N. Y. 39; Chappel v. Spence, 23 Barb. 584; Clark v. Blackstock, 1 Holt, N. P. R. 474; Ray v. Simpson, 22 How. 341; Good v. Martin, 5 Otto, 90.

Leland, J. This was an action of assumpsit on a note, brought by appellees as adm'r of William McHard, deceased, against Gideon Ives, the appellant, and one Elmore G. Denison, jointly. There was service of summons on both defendants, and both pleaded the general issue. On a trial by the court without a jury, there was a finding and judgment against both for $5,401 and costs. There was one of those stipulations which, we regret to say, are becoming too common, that any defense might be made under the general issue, that could be made under any special pleas well pleaded, and which would include a sworn plea denying the joint liability.

There seem to be some insuperable difficulties in the way of a joint suit and a joint judgment in the case. If Ives alone had been sued, and judgment had been rendered against him alone, and the declaration had stated the conclusions of fact in evidence, it may be that there would not have been error, which would have required a reversal. The facts are simply these:

On the 27th of June, 1873, Denison made his note, whereby he promised to pay to the order of Wm. McHard six thousand dollars one year after date, with interest at ten per cent. There were payments indorsed. The payee died during the fall of 1873, and the note came into the hands of appellees as administrators.

After the death of the payee, Ives signed the note, placing his name under that of Denison, with the word security at the end of his name. There was evidence tending to show that there was a consideration for his so doing. There was no evidence tending to show that it was contemplated when the note was made, that Ives was to execute it as joint maker.

In a letter from Ives to one of the administrators, dated July 8, 1874, is found this expression: "For the same reasons that I signed the note, I now hereby agree to become as one of the principals in the note of E. J. Denison to Wm. M. McHard, to which my name is signed as security, and remain so until you are otherwise satisfied."

The special count of the declaration, which is strictly in accordance with good precedents, is in the ordinary form for a case when the the note was cotemporaneously signed by the makers.

The common counts are precisely as they should have been in a case where plaintiffs sue in their individual, not representative, capacity as administrators, except at the end of the common counts, it is stated that defendants, though requested, have not paid said William McHard, in his lifetime, or to the plaintiffs, either of said sums, etc.

Upon looking into the authorities, it seems to be well settled that where a note is, long after its execution, signed by some one, either on the face or on the back, as security, the person

Ives v. McHard et al.

so signing, if there were a consideration, is separately liable as a guarantor, and not as a joint maker unless such signing was originally intended, and that it was merely delayed.

The authorities cited in appellant's brief fully sustain this position. Tenney v. Prince, 4 Pick. 385; Mecorny v. Stanley, 8 Cush. 85; Stone v. White, 8 Gray, 589; Way v. Butterworth, 108 Mass. 510; Miller v. Gaston, 2 Hill, 189; McCaughey v. Smith, 27 N. Y. 39; Rey v. Simpson, 22 How. 341; Good v. Martin, 5th Otto, 90; Schneider v. Schiffman, 20 Mo. 571; Irish v. Cutter, 31 Me. 536; Garrett v. Butler, 2 Strobhart (S. C.) 193; Jones v. Ritter, 32 Texas, 722.

Some judges think that such a signing is an alteration which destroys the note as to the other makers, if done without their consent. In our judgment, however, this is not the law.

The statement in the letter of June 8, 1874, would not, we think, in this case make the signing by Ives an execution of the note *nunc pro tunc*. Even if such a thing were possible in a case where the payee had not died, so that it might be treated as a taking up and re-delivery of the note as a new note, in its changed condition, by consent of Denison, Ives and the payee, the evidence that payee was dead, and the want of evidence that Denison consented to such an arrangement as that, or that any of the parties treated the transaction as a taking up the old note, and a delivery of it as a new contract, would prevent the adoption of such an idea. It could not be delivered as a new note to a deceased payee named in it. Nor could it be a new note to the administrators, because they were not named in it as payees. It was, therefore, when Ives signed it, a collateral promise by him as a *quasi* guarantor, creating, if there were a consideration, a liability to be sued separately, and to have judgment rendered against him separately; but there was not a joint liability of Ives and Denison, as co-makers of the note. We therefore conclude that the judgment must be reversed and the cause remanded.

Reversed and remanded.