## SEPTEMBER TERM, 1882.    *773*

Howard *vs.* Simpkins *et al.*—Howard *vs.* Walker.—Owensby *vs.* Thompson.

## HOWARD *vs.* SIMPKINS *et al.;* HOWARD *vs.* WALKER.

A promissory note made in the following terms : "Sixty days after date, I promise to pay C. Toler, or order, one hundred and fifty dollars, at either bank in the city of Augusta, Georgia, for one end spring-top buggy, harness, whip and mat, this day delivered to me, upon the distinct understanding that the title was not to pass to me until paid for in full, and he is authorized to take possession of the same at any time until fully paid for," was negotiable by indorsement in blank; and one taking under such indorsement could bring suit on the note in his own name.    I *Kelly*, 237.

December 12, 1882.

SPEER, Justice.

[Howard brought suit in his own name on two notes of the form stated in the head-note, and which had been indorsed in blank. When offered in evidence, the court held that they were not such negotiable notes as passed by indorsement, and rejected them. After non-suit granted, plaintiff excepted.]

---

## OWENSBY *vs.* THOMPSON.

The judge's certificate to the bill of exceptions was as follows : " I do hereby that the foregoing eleven pages of the bill of exceptions are true ; that the exhibits A, B, C and D hereto attached and identified, contain all the evidence introduced on the trial of said case, and material to a clear understanding of the errors complained of, and that the grounds taken on the motion for a new trial are true, together with the rulings and decisions of the court in said case, and the clerk," etc.:

*Held*, that such certificate was fatally defective, and the case must be dismissed ; nor can the failure to insert the word " certify " in the certificate be cured under the act of 1881.   There is nothing to indicate that the judge intended to say " I do certify that," etc., rather than " I do deny that," etc.