THE NATIONAL BANK OF COLUMBUS *v.* LEONARD *et al.*

1. Under the code, §§2775, 2776, a promissory note not containing any words of negotiability is so far negotiable by indorsement of the payee in blank as to pass the title to a *bona fide* holder and enable him to sue the maker in his own name. This was so ruled in *Goodman* v. *Fleming*, 57 *Ga.* 350, which case is imperfectly reported, it appearing from the transcript of the record of file in this court that the indorsement involved in that case was in blank only.

2. The payee of a promissory note not negotiable, who indorses the same in blank and delivers it to another for value, is by virtue of the above sections of the code liable on his indorsement.

3. Where at the time a promissory note was indorsed in blank, another between the same parties was folded in it, the indorsement

of the former did not operate as an indorsement or to more than an equitable assignment of the latter, although such may have been the intention of the parties. Consequently a holder could not maintain a suit upon the latter in his own name without equitable pleadings setting up the requisite facts.

July 24, 1893.

Before JOHN PEABODY, judge *pro hac vice.* Talbot superior court. September term, 1892.

GRIGSBY E. THOMAS, Jr., for plaintiff.

JAMES H. WORRILL, for defendants.

SIMMONS, Justice.

It appears from the record that Leonard gave to Hatcher & Wilkerson two obligations in writing, whereby he promised to pay them a certain amount of money. Neither contained any words of negotiability. They indorsed one of them in blank, and negotiated both of them to the First National Bank of Columbus. It seems that one of them was written upon a large piece of paper and the other upon a smaller piece, and when they were negotiated to the bank the smaller one was inclosed in the other, and the indorsement was made upon the latter. There was no indorsement upon the smaller one. These obligations not being paid when due, suit was instituted thereon by the bank in its own name against the maker and indorsers. When they were tendered in evidence at the trial, counsel for Leonard objected to their admission, (1) because the indorsement on one of the papers was merely in blank and did not put title into the plaintiff so as to authorize it to recover against the defendant Leonard in this action; and (2) because the other paper had no indorsement at all. The court sustained the objection; and the indorsers having filed no plea, the plaintiff moved judgment by default against them, which was refused, and the court granted a nonsuit. To each of these rulings the plaintiff excepted.

1. Under the common law, an indorsement in blank by the payee upon a promissory note containing no negotiable words did not pass the title to the indorsee so that he could bring an action in his own name thereon. But in this State we think the rule has been changed by statute. The code, §2775, declares: "A promissory note is negotiable by indorsement of the payee or holder, or if payable to bearer, by transfer and delivery only. The maker may restrain the negotiability thereof by expressing such intention in the body of the instrument." Section 2776 is as follows: "All bonds, specialties or other contract in writing for the payment of money or any article of property, and all judgments and executions from any court in this State, are negotiable by indorsement or written assignment, in the same manner as bills of exchange and promissory notes," etc. Indeed this court has decided that an indorsement in blank does pass the title so as to enable the indorsee to maintain an action in his own name against the maker. See *Goodman* v. *Fleming*, 57 *Ga.* 350. That case is not fully reported, but upon looking at the record of file here, we find that the paper sued on had no words of negotiability, that the indorsement was in blank, and that the suit was brought by the indorsee against the maker. The maker demurred to the action on the ground that the indorsee of a promissory note without words of negotiability in it could not maintain an action thereon in his own name. The trial judge overruled the demurrer, and upon exception thereto this court affirmed the judgment. See also the reasoning of BLECKLEY, J., on the same subject in the case of *Cohen* v. *Prater*, 56 *Ga.* 203.

2. If the payee of a promissory note without negotiable words can by indorsement in blank transfer the title to the indorsee, it follows that when the payee thus indorses it and delivers it to another for value, he becomes liable on his indorsement.

3. The remaining question is covered by the 3d head-note to this opinion.            *Judgment reversed.*