## ATKINSON *v.* BENNET, receiver.

If upon the back of a promissory note, payable to a particular person or his order at a chartered bank, a third person writes his name before delivery to the payee, whether such third person is liable as an original promisor, surety, guarantor or indorser depends upon what was his real intention, as understood by the other parties, at the time of the transaction. In such case the person so signing has a right, in defense to an action against him upon the note by the payee, to plead and prove the real relation he assumed in placing his name upon the paper.

Submitted October 27, 1897. — Decided March 4, 1898.

Complaint on notes. Before Judge Sweat. Camden superior court. August 5, 1897.

Bennet, receiver of the Oglethorpe National Bank of Brunswick, sued J. F. Bailey, administrator of J. S. Bailey deceased,

as maker, and J. F. Bailey and Samuel C. Atkinson, as accommodation indorsers, upon two promissory notes, one for $2,000 principal, and the other for $1,000 principal, payable to John D. Wright, cashier of the Oglethorpe National Bank, Brunswick, Ga. From a copy attached to the declaration it appeared that upon the note for $1,000, which was dated March 16, 1893, and was due three months after date, was written the following: "Noted and protested for non-payment, July 19, 1893. W. B. Cook, notary public, Glynn County, Ga." No defense was filed by Bailey. Atkinson filed a plea which, as amended, was as follows: Defendant admits the execution of both the notes declared upon, but says this defendant signed both notes as an indorser, with the distinct understanding that he was signing as indorser and not otherwise. The $2,000 note, being payable at a legally chartered bank engaged in the banking business, fell due and was not paid by the maker thereof upon maturity. Said note was not protested for non-payment or other cause, and notice of non-payment was not given to this defendant, nor was any notice of protest given to this defendant. Defendant received no interest or benefit from said note. The contract by which the name of this defendant appears upon both the notes in suit was a contract of indorsement and nothing else, and was so understood between defendant and the payee in the notes at the time of the execution. Defendant made this contract of indorsement for the following reason, and no other: Bailey, the maker, had made negotiations with Ullman, the president of the bank, for a loan, and the security and loan had been agreed on between them, this defendant's name not being in any way connected with the security, but the sole security being the other names now appearing on the papers, to the exclusion of defendant. Negotiations for the loan having been thus completed, the inquiry was made of defendant, who was the general attorney at law for the Baileys, if, as a matter of law, he would be safe in taking the note of the administrator under the circumstances for which the money was to be loaned; to which this defendant replied, giving it as his opinion, that he would. Thereupon defendant was requested to sign the note as an indorser, which he did.

He was not expected to pay said notes, and it was understood that he was not to be security, but only indorsed the notes because of his opinion given, that the notes would bind the estate. Said notes were binding upon the estate, and have been sued in this action, and no defense has been made to them; and said suit, as to the estate, is in default, and judgment against the estate is not resisted, and will follow as a matter of law.

On motion the court struck the pleas; and Atkinson excepted.

*Atkinson & Dunwody*, for plaintiff in error.
*W. E. Kay*, contra.

SIMMONS, C. J. The plaintiff in error claims that the trial judge erred in striking his plea as amended. He maintained, in his argument here, that he had a right, under the law and the facts of the case, to prove by parol his real intention in placing his name upon the back of the notes, as understood between him and the payee of the same. Counsel for defendant in error contended that, under the facts of the case, the plaintiff in error was a surety or an accommodation indorser whose indorsement was neither essential to nor proper in the due transmission of title in the course of negotiation, not entitled to notice as an indorser; and that he could not introduce parol evidence as to his intention or the understanding between him and the other parties to the note. See *Sibley* v. *American Exchange Bank*, 97 *Ga.* 126 (4). Defendant in error further contended that section 5209 of the Civil Code, which provides that "Blank indorsements of negotiable paper may always be explained between the parties themselves, or those taking with notice of dishonor or of the actual facts of such indorsements," applies only to blank indorsements in the technical sense, and not to an irregular or anomalous indorsement. We think such a construction of this code section too narrow. The section seems to us to apply to all blank indorsements, as well to those which are irregular and unnecessary to the negotiation of the paper as to those which are technical and essential to the transfer of title. This case is, therefore, probably controlled by the code; but even if this be not so, one who writes his name upon the back of a note, when he is neither an original party nor an indorsee, may

explain by parol evidence the real nature of his contract, as understood and agreed to by the other parties to such note at the time of the transaction. The decided weight of authority shows that this is true independently of any statute in relation to the subject. The nature and character of the indorsement of one who writes his name upon the back of a promissory note to whose negotiation he is neither a necessary nor a proper party, and the liability of the person so indorsing, depend upon his intention as understood by the other parties to the note at the time of the transaction; and this intention and understanding may always be shown by the indorser in a suit against him by the payee or by one taking with notice of dishonor or of the actual facts of the indorsement.

The case of Seymour v. Mickey, 15 Ohio St. 515, is almost exactly like the one under consideration. In that case Mickey irregularly indorsed a note before it was delivered to the payee. When he was sued upon it, he pleaded and proved that when he indorsed the note it was his intention, understood by the other parties to the instrument, that he should assume only the obligations of a regular and technical indorser and should have all the rights to which such indorser is entitled. The Supreme Court of Ohio held that he had a right to set up this agreement and to introduce parol evidence in support of it; and that if he proved it, he was entitled to notice of protest and non-payment as is an indorser. The same principle is found controlling the decisions of the United States Supreme Court on this subject, as will appear from an examination of the cases of Rey v. Simpson, 22 How. 341; Good v. Martin, 95 U. S. 95, and citations. Among the many State court decisions on this subject, see Kingsland v. Koeppe, 137 Ill. 344; Eberhart v. Page, 89 Ill. 550; Fullerton v. Hill, 48 Kas. 558; Sturtevant v. Randall, 53 Me. 155; Irish v. Cutter, 31 Me. 536; Ives v. Bosley, 35 Md. 262, s. c. 6 Am. Rep. 411; Cook v. Brown, 62 Mich. 479, and cases cited, Cahn v. Dutton, 60 Mo. 297; Lewis v. Harvey, 18 Mo. 74, s. c. 59 Am. Dec. 286; Salisbury v. Bank, 37 Neb. 872, s. c. 40 Am. St. Rep. 527; Bright v. Carpenter, 9 Ohio, 139, s. c. 34 Am. Dec. 432; Champion v. Griffith, 13 Ohio, 228; Robinson v. Abell, 17 Ohio, 42; Bank v. Jefferson, 92 Tenn.

537; Cook *v.* Southwick, 9 Tex. 615, s. c. 60 Am. Dec. 181; Strong *v.* Riker, 16 Vt. 554; Carolina Sav. Bank *v.* Florence. Tobacco Co. (S. C.), 23 S. E. Rep. 139, and cases cited.

We think the court below erred in striking the defendant's. plea, as it stood after having been amended; and the judgment is accordingly                                    *Reversed.*

*Cobb, J., was disqualified. Lewis, J., was not a member of the court when the case was argued. The other Justices concurred.*