### SAUSSY & HUXFORD *v.* WEEKS.

A, the payee of a non-negotiable promissory note, sued B and C, who resided in different counties, in the county of the residence of B. The petition alleged that B was maker and C indorser. On the back of the note the name of C was signed in blank. A demurrer was filed, averring that C was not an indorser but a guarantor, and could not be sued on the note in the county of B's residence. *Held,* that under the allegations of the petition C was an indorser and suable in the same action with B in the county of the latter's residence, but that the averment in the petition would not preclude C from pleading and proving that, according to the intention and agreement of the parties, his relation to the paper was not that of indorser.

Argued December 16, 1904.— Decided February 1, 1905.

Complaint on note. Before Judge Humphreys. City court of Moultrie. June 27, 1904.

*Saussy & Saussy,* for plaintiffs in error.
*Shipp & Kline,* contra.

COBB, J. Weeks, the payee in a non-negotiable note, payable at the "Citizens Bank," brought a petition in the city court of Moultrie, alleging that Davis & Hatchett, a partnership composed of persons residing in Colquitt county, as makers, and Saussy & Huxford, a partnership composed of persons not residing in Colquitt county, as indorsers, were indebted to him in a stated sum. Davis & Hatchett appear as makers on the note, and the name of the partnership Saussy & Huxford appears in blank upon the back of the paper. A demurrer to the petition was filed, averring that the relation of Saussy & Huxford to the paper, on the face thereof, was that of guarantors, and that as such they were not suable in the same action with the makers, in the county, of the residence of the latter. The demurrer was overruled, and Saussy & Huxford excepted.

Where one who is neither maker nor payee of a non-negotiable promissory note writes his name on the back of the note, either before or after delivery to the payee, he becomes liable as indorser, guarantor, maker, or surety, according to the intention and agreement of the parties at the time he signs the paper.　See 7 Cyc. 673-4.　The decisions are by no means uniform, and some draw a distinction between cases where the signature is placed on the note before and after delivery; but we think the rule above stated the correct one.　It seems to grow out of the principle of the decision in *Jossey* v. *Rushin*, 109 *Ga.* 319, where it was held that the payee of a non-negotiable promissory note does not become liable as indorser merely by writing his name on the back of it, but that proof may be made of the actual agreement under which the signature was placed on the note.　See also, in this connection, *National Bank* v. *Leonard*, 91 *Ga.* 805.　The decision in *Cochran* v. *Strong*, 44 *Ga.* 636, has been cited by some of the law writers as authority for the proposition that where the payee in a non-negotiable contract signs a written assignment on the back of the note, he becomes liable neither as indorser nor guarantor, and can not be sued in the same action with the maker.　That was a decision by two Judges, and the proposition just stated was announced in the syllabus; but in the opinion subsequently written Judge Montgomery expresses doubt as to the correctness of the proposition announced in the syllabus, and cites authorities as supporting a contrary view.　The rule as above announced does not differ materially from the rule which prevails in cases of negotiable instruments.　In both the real relation of the person whose signature is placed in blank on the back of the instrument is governed by the intention and agreement of the parties.　See *Benson* v. *Warehouse Co.*, 99 *Ga.* 303; *Booth* v. *Huff*, 116 *Ga.* 8; *Atkinson* v. *Bennet*, 103 *Ga.* 508.　In the present case the petition alleges distinctly that Saussy & Huxford were indorsers, and this is in effect an allegation that they placed their names upon the back of the note under an agreement and with the intention to become bound in that capacity.　If they are indorsers, they can be sued jointly with the makers in the county of the latters' residence.　It is immaterial whether the note was payable at a chartered bank or not; for no question is raised by the demurrer as to protest and notice.

If the true relation of the plaintiffs in error is not as alleged in the petition, they can plead and prove it at the trial.

Judgment affirmed.    All the Justices concur.