### 1436.　WALKER *v.* CARPENTER.

POWELL, J.　1. An instrument acknowledging receipt of certain personal property and containing a promise by the maker thereof to pay a certain sum in stated instalments, but reserving the title in the vendor as to the property until the payments are fully made, is, although it contains no words of negotiability, assignable, under § 3682 of the Civil Code. Where the payee of such an instrument, by a writing placed on the back of it, "transfers, sells, and assigns" the bill of sale, the note, and the title to the property, to a third person, he becomes such an indorser as to be liable to suit in the same action with the maker. *Howard* v. *Simpkins*, 69 *Ga.* 773; *Bank of Columbus* v. *Leonard*, 91 *Ga.* 805 (18 S. E. 32) ; *Saussy* v. *Weeks*, 122 *Ga.* 70 (49 S. E. 809). The second headnote in *Cochran* v. *Strong*, 44 *Ga.* 636, was, as appears from an opinion subsequently filed in the case, improvidently rendered, and did not express the views of the court. See the criticism in *Saussy* v. *Weeks*, supra.

2. None of the grounds of the motion to set aside the judgment are meritorious.　　　　　　　　　　　*Judgment affirmed.*

Motion to set aside judgment, from city court of Floyd county— Judge Hamilton. June 8, 1908.

Argued December 8, 1908.—Decided January 27, 1909.

*M. B. Eubanks,* for plaintiff.　*Sharp & Sharp,* for defendant.