3429, 3430. RIVERSIDE MILLING AND POWER CO. *v.* SEABOARD AIR-LINE RAILWAY, and *vice versa.*

RUSSELL, J. The court did not err in sustaining the general demurrer and dismissing the plaintiff's petition. The petition, as amended, was fatally defective, in that it did not appear therefrom that it was within the power and authority of the defendant to grant the milling-in-transit privilege. Under the act of Congress of June 29, 1906, c. 3951, 34 Stat. 584 (U. S. Comp. St. Supp. 1907, p. 892; Supp. 1909, p. 1149), regulating interstate transportation, a carrier could not grant this special contract, unless the rate had been approved by the interstate-commerce commission. The petition did not allege that the special milling-in-transit privilege, at the special rate mentioned, had been established by the defendant and included in the schedule of rates, and published as required by the act of Congress above referred to, nor allege that such privilege or the rate mentioned was open to all shippers under like conditions, or that the charges agreed to be made on the interstate transportation mentioned had been fixed and regulated in accordance with

law, and, therefore, that the defendant was under duty to the plaintiff to make shipments for it in accordance with the contract.

*Judgment affirmed. Cross-bill of exceptions dismissed.*

DECIDED JANUARY 15, 1912.

Action for damages; from city court of Cartersville—Judge Foute. March 23, 1911.

The Riverside Milling and Power Company sued the railway company, alleging, in substance, that on or about March 29, 1907, certain cars loaded with corn and billed to the plaintiff arrived in Cartersville, Georgia, from Kansas City, via the defendant's railroad, but, as the corn had been ordered delivered over a different line of railroad, the plaintiff was not obligated to accept it when tendered on the defendant's tracks; that on being notified that these cars of corn were in Cartersville, the plaintiff inquired of the defendant whether the defendant would protect transit on said cars, " transit " meaning milling-in-transit privileges, which would allow the plaintiff the right to take the corn and convert it into meal and ship it in its manufactured state to other points on a much lower rate than the rate for shipment of meal originating in Cartersville; and, on April 4, 1907, the defendant notified the plaintiff that it would accord the plaintiff milling-in-transit privileges at Cartersville, as to the corn in these cars; and, after receiving this notice, and relying upon milling-in-transit privileges being accorded, and upon its ability to dispose of the meal manufactured from this corn at the market price, without loss, if such privileges were accorded, the plaintiff accepted the cars of corn, ground the corn into meal, and sold and reshipped it. The defendant, however, after the corn had been ground into meal, refused to accord to the plaintiff the milling-in-transit privileges promised, and required the plaintiff to pay the same rate of freight on the meal as would have been required had the corn originated at Cartersville. The plaintiff had made contracts for the sale of the meal and shipped it, before it was notified that the defendant would refuse to accord milling-in-transit privileges. The defendant, by representing to the plaintiff that it would accord such privileges, induced the plaintiff to purchase the corn and contract for the sale of the meal, and caused the plaintiff the loss of $160, for which the plaintiff sues, this sum being the difference between the amount of the freight, demanded by the defendant and paid by the plaintiff on this meal, and the amount which should have been paid at milling-in-transit

rates. It is alleged that if the defendant had not promised to accord milling-in-transit rates as stated above, the plaintiff would not have paid the freight or accepted the corn, not being obligated so to do. The petition specifies the points to which the meal was shipped, and the freight rates, and gives the name of the defendant's agent who informed the plaintiff that it would be allowed milling-in-transit privileges; and copies of the bills of lading are exhibited.

A general demurrer to the petition was sustained, and the plaintiff excepted. The defendant filed a cross-bill of exceptions, alleging error in the overruling of a special demurrer.

*G. H. Aubrey,* for plaintiff, cited: *Savannah, Florida & Western Ry. Co.* v. *Bundick,* 94 *Ga.* 778; *Georgia Railroad* v. *Creety,* 5 *Ga. App.* 427.

*Brown & Randolph, Neel & Neel,* for defendant, cited: *Georgia Railroad* v. *Creety,* supra; Barnes on Interstate Transportation, §§ 253-6, 418, 463.