### 6791. McMILLAN v. FOURTH NATIONAL BANK OF JACKSONVILLE.

RUSSELL, C. J. 1. Blank indorsements of negotiable paper may be explained by parol, except as against subsequent holders for value, bona fide and without notice. Civil Code, § 5796. This rule is not confined to technical indorsements (i. e., indorsements essential to the transfer of title), but extends to indorsements in the broader sense. *Atkinson* v. *Bennett*, 103 *Ga.* 508 (30 S. E. 599). Nor is it confined merely to blank indorsements in the strict sense, as where the indorser writes only his name upon the negotiable instrument; it relates to all indorsements which are not full or complete. *West Yellow Pine Co.* v.

*Kendrick,* 9 *Ga. App.* 350 (2), 352 (71 S. E. 504); 3 R. C. L. § 179; Kistner *v.* Peters, 223 Ill. 607 (79 N. E. 311, 114 A. S. R. 362, 7 L. R. A. (N. S.) 400).

2. Where a note is sued on, upon which one other than the maker or payee has written his name across the back below the words "Presentment and notice of dishonor by each and every indorser of this note are waived," and it is alleged in the petition that the signer of the note as maker, and the person indorsing as above, as surety, executed the note, and it is also alleged that the indorser promised as surety to pay it, the allegations of the petition will be taken as true as against demurrer; and the petition sets out a cause of action against both the maker and indorser. *Saussy* v. *Meeks,* 122 *Ga.* 70 (49 S. E. 809).

*Judgment affirmed.*

DECIDED FEBRUARY 4, 1916.

Complaint; from city court of Savannah—Judge Davis Freeman. July 10, 1915.

*P. W. Meldrim,* for plaintiff in error.

*Hitch & Denmark,* contra.