7099.  COWART COMPANY *v.* SHEFFIELD *et al.*

BROYLES, J.  1. Blank indorsements of negotiable paper may always be explained between the parties themselves. Civil Code, § 5796. One who makes such an indorsement can show by parol testimony that it was made for the sole purpose of passing title to the paper so indorsed, and not to create any liability in the indorser. *Galceran* v. *Noble*, 66 *Ga.* 367; *Bedell* v. *Scarlett*, 75 *Ga.* 56; *Neal* v. *Wilson*, 79 *Ga.* 736 (5 S. E. 54); *Eppens* v. *Forbes*, 82 *Ga.* 748 (9 S. E. 723); *Bryan* v. *Windsor*, 99 *Ga.* 176 (25 S. E. 268); *Atkinson* v. *Bennet*, 103 *Ga.* 508 (30 S. E. 599); *Saussy* v. *Weeks*, 122 *Ga.* 70 (49 S. E. 809). Any

apparent holding to the contrary in the first headnote in *Matthews* v. *Richards,* 13 *Ga. App.* 412 (79 S. E. 227), is unsound and will not be followed. Under this ruling the admission of the testimony complained of in the first ground of the amendment to the motion for a new trial was not erroneous, as there was evidence that the intention of Mrs. Sheffield in making the indorsement in question was afterwards communicated to the officers of the plaintiff company before it took the note.

2. While it is largely within the discretion of the court as to whether it will allow a witness, who is being examined in rebuttal, to repeat testimony which was given on his first examination, yet in this case the court erred in allowing the witness W. D. Sheffield (as shown in the third ground of the amendment to the motion for a new trial), on rebuttal, and over the timely objections of the plaintiff, to practically go over his entire testimony the second time, much of it not being in rebuttal, and some of it being in the nature of an argument to the jury. This error was probably highly prejudicial to the plaintiff's cause, in that Sheffield, who was an attorney at law and the main witness for the defendants, thereby had an opportunity, not given him by the law, of unduly impressing the defendants' contentions and the evidence upon the jury.

3. It is not shown in the fourth ground of the amendment to the motion for a new trial that the court abused its discretion in excluding from the evidence the certified copy of a suit pending in the superior court of Calhoun county, the motion to admit this documentary evidence having been made after both sides had announced closed, and after two arguments by counsel had been made to the jury.

4. It was error to refuse the timely written request to charge that "Unless there was some agreement between the holder of the note and the person to whom it was thus transferred, whereby it was understood between them that the holder of the note indorsed it merely for the purpose of passing legal title to it, the person signing his name across the back of the note would be legally bound to pay the note as though he had entered into an express agreement to guarantee its payment."

5. The other requests to charge were sufficiently covered by instructions given.

6. As the case must be retried, we will not pass upon the sufficiency of the evidence to sustain the several verdicts rendered and excepted to.

                                   *Judgment reversed.*

DECIDED JULY 29, 1916. REHEARING DENIED SEPTEMBER 15, 1916.

Complaint; from city court of Blakely—W. H. Krause, judge pro hac vice. September 4, 1915.

*B. W. Fortson, Glessner & Park,* for plaintiff.

*Rambo & Wright, L. M. Rambo, W. I. Geer,* for defendant.