8845. PROCTOR et al. v. ROYSTER GUANO COMPANY.

JENKINS, J. 1. "Blank indorsements of negotiable paper may always be explained between the parties themselves, or those taking with notice of dishonor or of the actual facts of such indorsements." Civil Code (1910), § 5796.

2. Under the provisions of the code section quoted above, not only is it permissible for a technical indorser thus to show by parol that such indorsement was made solely for the purpose of passing title to the instrument (*Bryan* v. *Windsor*, 99 *Ga.* 176, 25 S. E. 268); but the right to explain by parol the real nature and intent of the contract as evidenced by a blank indorsement applies also to those whose indorsement is not essential to the negotiation of the note, and who therefore are not technical indorsers. *Atkinson* v. *Bennet*, 103 *Ga.* 508 (30 S. E. 599); *Saussy* v. *Weeks*, 122 *Ga.* 70 (49 S. E. 809).

3. In a suit by the payee of a promissory note signed in the name of a corporation as maker, a plea by certain individuals who had signed their names in blank upon the back of the note, to the effect that their names were so placed upon the instrument "only for the purpose of perfecting title and passing title, and upon the distinct understanding that [they] were not to be held liable thereon in any way," does not set up a good defense. Since the perfecting and passing of the title to the note could in no way be subserved by such an indorsement, the plea is not valid as going to show why the note was signed for that

purpose without incurring liability; and since no bona fide reason is shown as to why it was signed without liability being intended, the mere unexplained denial of all liability does not amount to an effort to explain the true character and intent of the contract, but is merely an effort to avoid it in its entirety by setting up what is equivalent to a contemporaneous release, not in writing, and without any averment that such agreement was fraudulently omitted from the contract. *Mansfield* v. *Barber,* 59 *Ga.* 851; *Crooker* v. *Hamilton,* 3 *Ga. App.* 190 (59 S. E. 722).

> *Judgment affirmed. Wade, C. J., and Luke, J., concur.*
> DECIDED JANUARY 22, 1918.

Complaint; from city court of Millen—Judge Dekle. April 2, 1917.

*A. S. Anderson,* for plaintiffs in error.
*Brinson & Hatcher,* contra.