### 14814. JOHNSON *v.* BANK OF TALLAPOOSA.

1. As there is no assignment of error in the bill of exceptions either upon the exceptions pendente lite or upon the ruling therein excepted to, this court is not called upon to consider the question raised by the exceptions pendente lite, or the ruling of which complaint is made therein.
2. The court erred in directing a verdict.

DECIDED MAY 13, 1924.

Complaint; from city court of Tifton—Judge Price. June 6, 1923.

In settlement of a note on which he was indebted to the Bank of Tallapoosa, R. F. Johnson traded to the bank a note, payable to himself, signed by J. H. Brown and O. H. Brown. At the time this note was discounted to the bank Johnson received not only his note, but some cash. On the trial of the case it was shown that in trad-

ing with the bank he dealt exclusively with J. E. Davis, the cashier, and that at the time the note signed by the Browns was delivered to the bank Johnson did not indorse it. After the evidence was all in, the court directed a verdict for the plaintiff. The defendant excepted.

*John Henry Poole,* for plaintiff in error.

*J. S. Ridgdill, Ellis, Mitchell & Ellis,* contra.

BLOODWORTH, J. (After stating the foregoing facts.)

Only the second headnote needs to be enlarged upon. On the trial of the case the defendant swore in part as follows: "When the exchange was made of these two notes I did not indorse the note I am now sued on. Nothing was said about me indorsing it. Later on, Mr. Davis, as such cashier of the bank, asked me to indorse the note I had exchanged to the bank, he saying the bank could not enter suit against the Browns unless I did indorse the note, to make the title of the bank complete. I first refused to indorse it, but Mr. Davis, the cashier, told me that I would not be held liable on the note, but that my indorsement was solely for the purpose of giving the bank title and enabling it to collect from the Browns. I then stated to Mr. Davis I would indorse it with the understanding that I was not to be held liable on the note, but was indorsing it for the sole purpose of passing title. I then indorsed the note with that agreement and understanding." Davis, the cashier, swore in part: "This note was made payable to R. F. Johnson, and by him indorsed to the Bank of Tallapoosa. This note was discounted at the office of the Bank of Tallapoosa, Tallapoosa, Haralson county Georgia. At the time the note was discounted the indorsement by R. F. Johnson was overlooked. This was by mistake, and when we went to record the note on our books we discovered that Mr. Johnson had not indorsed the note, and when he called in at the bank soon after, I called his attention to the fact that he had failed to indorse the note, and he at that time indorsed it. We purchased this note in question before due and for a valuable consideration. We bought it in good faith, and it was a bona fide transaction, and we parted with our money to R. F. Johnson on the faith of his indorsement. . . There was no understanding at the time R. F. Johnson indorsed the note that he was doing so for the purpose of putting title to the note in the bank."

In *Cowart Co.* v. *Sheffield,* 18 *Ga. App.* 512 (1) (89 S. E. 1101),

this court, citing a number of decisions to support the proposition, held: "Blank indorsements of negotiable paper may always be explained between the parties themselves. Civil Code, § 5796. One who makes such an indorsement can show by parol testimony that it was made for the sole purpose of passing title to the paper so indorsed, and not to create any liability in the indorser." See *Proctor* v. *Royster Guano Co.,* 21 *Ga. App.* 617 (1), (2) (94 S. E. 801); *Jossey* v. *Rushin,* 109 *Ga.* 319 (34 S. E. 588, 77 Am. St. Rep. 377); *Goette* v. *Sutton,* 128 *Ga.* 180 (4) (57 S. E. 308); *Sanders* v. *Ayers,* 155 *Ga.* 630 (117 S. E. 651). The purpose of the indorsement of the note sued on in this case being a material issue on the trial, and the evidence on this point being in sharp conflict, the issue should have been submitted to a jury, and the court erred in directing a verdict. This ruling is not in conflict with what was decided in *Swindell* v. *Bainbridge State Bank,* 3 *Ga. App.* 364 (60 S. E. 13), nor what was decided in *Haymans* v. *Bennett,* 29 *Ga. App.* 265 (114 S. E. 923), cited and relied on by counsel for the defendant in error. The facts in each of those cases differentiate it from this case.

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*