No. 4.—CARHART, BROTHERS & Co., plaintiffs in error, *vs.* WILLIS WYNN, defendant in error.

[1.] To make an objection to evidence available as error, it must be made during the trial. It cannot be good after verdict, on a motion for a new trial.

[2.] It may be shown by parol evidence, that the endorsement of a note was made for a special purpose—for instance, as an authority to collect.

[3.] Notice by an endorser, to sue, given to an agent who has no authority but to receive the amount due, and that is made known to the endorser, is not such a notice to the "*holder,*" under the statute, as will discharge the endorser.

Complainant, from Monroe Superior Court. Tried before Judge GREEN, at August Term, 1856.

This was an action brought by Carhart, Brothers & Co., against Robert W. Moore, the maker, and Willis Wynn the endorser, of a promissory note, for the recovery of a balance due on said note.

*Defence* by Wynn the endorser, that he had given plaintiffs notice, after the note became due, to sue, and they having failed to do so for more than three months, as provided by statute, he was discharged from his liability as endorser.

Wynn upon the trial, proved by *Jonathan Johnson*, the only witness sworn in the case, that in the latter part of 1851, plaintiffs sent him the note for collection only, and for no other purpose; and that while the same was in his possession, Wynn notified him to sue on said note, and that he informed Wynn that the note was in his hands only to receive the money on it, and not to sue; and that afterwards in 1852, he returned the note to plaintiffs, and informed them that Wynn had given him notice to proceed to collect said note. Witness could not say the length of time he held the note, nor whether he delivered the note to plaintiffs or to Col. Trippe, their counsel, but to the best of his belief, he returned it to plaintiffs, and within a year after the last credit on it, but it might have been two years; he did not return it in three

Carhart, Brothers & Co. vs. Wynn.

months after the notice—that he had no interest in said note, and so informed Wynn, when he notified him to sue and collect.

The jury returned a verdict for plaintiffs for $67 70, and interest from December, 1st, 1851, with cost of suit: and counsel for Wynn moved the Court for a new trial, on the following grounds:

1st. Because the Court erred in instructing the jury, that if they believed Jonathan Johnson informed defendant that his agency was limited to receiving the money on said note, he was not a *holder* in the sense of the law, to be notified to sue; and that if they so believed, then if Johnson gave information of the notice to plaintiffs, that was not a notice to entitle defendant Wynn to its benefit, unless they further believed he was agent for that purpose.

2d. Because the evidence of said Johnson, contradicting the endorsement on the note to himself, was illegal.

3d. Because the verdict is contrary to law and evidence.

Counsel for plaintiffs objected to the second ground for new trial, because the endorsement to Johnson was stricken out before the trial, and it did not appear when said endorsement was made, nor was it read in evidence to the jury, nor was any question in relation to it raised on the trial, either to the Court or jury; and if said endorsement was upon the note and erased *before the trial, it was too late, after verdict,* to raise the points made in the second and third grounds for new trial.

The Court overruled the objection and refused a new trial on the first ground, but granted it on the second and third grounds; holding, that although said endorsement, which was erased, was not read in evidence to the jury, nor their attention nor that of the Court called to it by either party, on the trial, yet defendant had the right, after verdict, to found his motion for a new trial, on the fact that there was such endorsement and erasure, and the Court would presume that they were on the note at the time of the trial, and that al-

though not read, they were in evidence, and that the Court should have predicated its charge upon the legal effect of said endorsement, it being the duty of the Court to know what evidence was before the jury, whether counsel noticed it or not; and the Court being of opinion further, that said endorsement constituted Johnson the "*holder*" within the meaning of the statute.

To which decision counsel for plaintiffs except, and assign the same as error.

TRIPPE, for plaintiffs in error.

HARMAN, represented by GIBSON, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

The Court having overruled the first ground in the motion for a new trial, we will not refer to that.

[1.] No objection was made during the trial to Johnson's evidence. An erased endorsement is no endorsement, and can, therefore, of itself be no evidence. If it had been *bona fide* made to pass the title, and fraudulently erased to defraud the defendant, it ought to have been proven, for mercantile usage does not raise a presumption of that sort. The note must have been offered in evidence on the trial, and the failure to except to Johnson's evidence was a waiver of all objection to it, if, indeed, there was an available objection to it. A party cannot pass over an objection, obvious upon the face of a paper, in evidence, take the chances of a verdict in his favor, and after a verdict against him, avail himself of it on a motion for a new trial. *Bank of Utica vs. Smith*, 18. *Johns. Rep.* 239.

[2.] But if Johnson's testimony had been objected to as inadmissible, the objection ought to have been overruled. Notes are often endorsed as a bare authority to the endorser to receive the money due thereon. Parol evidence is admissible to prove whether he was in possession of the note as owner

Carhart, Brothers & Co. vs. Wynn.

or agent, and if the latter, to show the extent of his authority, when innocent parties will not be affected thereby.

[3.] Johnson informed the defendant at the time he notified him to sue, that his authority did not extend beyond receiving the money on the note, that he was not authorized to sue, and that he had no interest in the note. If Johnson had not explained to the defendant, at the time of the notice, the nature and object of his possession of the note, the notice would have been available as a defence for Wynn, the defendant. In that case, the absolute endorsement of the note would have controlled; for in the absence of explanatory proof, the legal presumption of absolute ownership in Johnson would have given full effect to the notice as a discharge.

Our brother BENNING concurs with us in a judgment of reversal, but upon a somewhat different view of the case. He is of opinion that the legal presumption is that the endorsement of the paper and its erasure were simultaneous acts, or rather, that the one followed the other immediately; that the endorsers after writing the endorsement changed their mind and struck it out. If so, there never was, in reality, any endorsement, and if there was no endorsement, then there was nothing before the jury that could have been considered by them as an endorsement.

If there had been a subsisting endorsement to the agent, he should doubt extremely, whether, as he would be the holder of the paper with a perfect legal title, he would not be a proper person to be notified under the statute; whether, in such a case, he would not have had the *legal* right to sue on the note, whatever he himself might think or say to the contrary; or whether he would not, at least, be such an agent, that the notice to him would not be notice to his principal; whether it is not the duty of an agent to collect, to transmit such a notice, when he receives it, to his principal, and whether, in such case, notice to him would not be notice to his principal.

Judgment reversed.