BARTLY McCRARY, plaintiff in error, vs. TOMLIN KING and LUKE DIMOND, defendants in error.

Where a promissory note to which there is a surety, is held by a creditor of the owner, as a collateral security—such creditor is the proper person, to be no_tified by the surety, to sue the maker, under the statute of 1831.

Certiorari, from Muscogee county. Decision by Judge WORRILL, at November Term, 1858.

Bartly McCrary brought suit in a Justice Court against Tomlin King and Luke Dimond, on a promissory note, of which the following is a copy:

$50. By the first day of November, we or either of us promise to pay Bartly McCrary, or bearer, the sum of fifty dollars, for value received, this February 18, 1857.

(Signed,)                TOMLIN KING,
                         LUKE DIMOND.

Dimond filed the following pleas in the Justices Court:
1st. The general issue.
2d. That he was security only for King, and prayed that if judgment be rendered against him, it should be against him as *security.*
3d. That being only security on said note, and which was known to plaintiff, after said note became due, he had given notice to the holder, John J. McKendree, to sue on said note and collect the same out of the principal, which said holder had failed to do, within three months thereafter, whereby defendant was discharged as provided by statute.

The plaintiff offered and read in evidence the note and closed.

It was admitted that Dimond was only security on the note, and known so to be by plaintiff, at the time said notice was given.

*J. J. McKendree* testified : That plaintiff placed the note in his hands for the convenience of King and Dimond, to pay the same when due, and instructed witness to apply the proceeds when collected, to the payment of demands held by him, witness, against plaintiff. That said note was not paid at maturity ; that sometime in December or January, last, after the note fell due, Dimond called on witness and told him that he wanted him to proceed and make the money out of King, and that there was cotton belonging to King in Columbus, more than sufficient to pay the debt. The note was then in possession of witness, and more than three months elapsed before said note was put in suit. That witness told Dimond that he had no authority or right to institute suit upon said note ; for plaintiff told him not to sue on said note when he deposited it with witness, and told Dimond where plaintiff lived, and advised him to notify plaintiff, that he, witness, was not the agent of plaintiff, and had no interest in the note. That if said note had been paid to witness, he would have delivered up the note ; that he had the right to receive the amount due on said note, and it was placed in his hands for that purpose ; that witness never notified plaintiff of what Dimond had required in relation to suing and collecting said note, until sometime in June or July last, nearly six months after the notice was given.

Upon this testimony, the Justices gave judgment against both defendants, King as principal, and Dimond as security ; to which judgment, Dimond excepted, and sued out a certiorari, to have said judgment corrected and reversed.

Upon the hearing before Judge WORRILL, he reversed the decision and judgment of the Justice's Court, and ordered a new trial.

To which decision counsel for McCrary excepted.

CORBET ; and DENTON, for plaintiff in error.

ALEX. COOPER, *contra*.

McCrary vs. King and Dimond.

*By the Court.*—BENNING J. delivering the opinion.

The judgment sustaining the certiorari, was clearly right, if McKendree, the person, to whom the notice to sue, was given, was the person to whom that notice ought to have been given.

McKendree held the note, as a collateral security. He was instructed by the owner of the note, to apply the proceeds of it, when collected, to the payment of a demand held by himself, against the owner. This gave him the right to hold on to the note, as a security for this demand.

This being so, he was the legal as well as the "actual holder" of the note; he and he only, was the person who had the right to bring suit upon it. He therefore was the person proper to be notified by a surety to the note, to sue the maker of it, under the Act of 1831, (*Pr. Dig.* 471,) for that Act says, that "where the security" to a note shall "require the holder thereof, to proceed to collect the same," and the holder does not proceed to do so, within three months, the "security shall be no longer liable."

In *Carhart, Bro. & Co. vs. Wynn,* (22 *Ga.* 24,) the holder had no legal title to the note, as a collateral security; a thing which distinguishes that case from this.

Judgment affirmed.

Judge McDonald, on account of illness, did not preside in this case.