Bartlett *vs.* Lee.

----

ELERIFF T. BARTLETT, administratrix, etc., plaintiff in error, *vs.* SANDERS W. LEE, defendant in error.

1. The contract expressed by the general endorsement of a promissory note cannot be varied by oral evidence of a different understanding or agreement between the parties.

*Assumpsit*, in Coweta Superior Court. Tried before Judge FEATHERSTON, at the March Term, 1863.

This was an action brought by William A. Bartlett against Sanders W. Lee, as the endorser of a promissory note, made by George A. Brown, payable to said Lee, or bearer, dated the 31st of August, 1855, due the 25th December, 1856, for $500 00, with interest from the 1st of October, 1855, and which was transferred and endorsed in blank by Lee to the plaintiff, Bartlett.

The defendant met the action by a plea that he endorsed and delivered the note sued on to the plaintiff, and the same was received by the plaintiff, with the understanding and upon the express agreement that the defendant was not to be held liable on the endorsement to pay the note, or any part of it, unless the plaintiff should bring suit on the note against Brown, the maker, to the first Court occurring after the maturity of the note, in which such suit could be brought. The plea further states, that the first Court occurring after the maturity of the note, in which the suit could have been brought, was the Superior Court of the county of Sumter,

(in which the defendant then resided,) begun and held on the second Monday in March, 1857, and that the plaintiff wholly failed to bring the suit against Brown according to the agreement.

When the case was called for a hearing, counsel for the plaintiff moved to strike the defendant's plea, on the ground that it was sought thereby to set up and prove by parol a contract been parties different from that contained in the endorsement in blank of the note sued on.

This motion was overruled by the Court, and the plaintiff excepted.

Upon the trial the plaintiff read in evidence the note sued on, with the endorsement thereon, and rested his case.

The defendant, on his part, proved, by parol evidence, a verbal agreement between himself and the plaintiff as set forth in the plea.

Upon this evidence the jury found for the defendant, with costs of suit.

There were other questions in the case, but as the Court passed no judgment thereon, it is deemed unnecessary to give a statement of the facts upon which they arose.

Pending the action the plaintiff died, and Eleriff T. Bartlett, his administratrix, was made party plaintiff.

The error alleged is the decision of the Court overruling the demurrer to defendant's plea.

ERSKINE, for plaintiff in error.

BLECKLEY, *contra.*

*By the Court.*—JENKINS, J., delivering the opinion.

The only question necessary to be considered in this case is, whether the Court below erred in overruling the plaintiff's motion to strike out the plea of the defendant, setting up an agreement which qualified his general endorsement of the note sued on, and which qualifying agreement, the plea alleges, the plaintiff (endorsee) had violated. The motion to strike out was placed expressly " on the ground that defend-

Bartlett *vs.* Lee.

ant sought to prove, by parol testimony, under said plea, a contract different from that expressed by his blank (or general) endorsement on said note." This motion the Court overruled, without assigning any reason for so doing, and the bill of exceptions discloses the fact, that subsequently the defendant sustained his plea by parol evidence only, the plaintiff's counsel not objecting, and the Court permitting it to go to the jury, and giving no charge as to the legal effect of such evidence. The exception which brings the case here is, to the judgment of the Court overruling the motion to strike out of the record the plea above mentioned.

In the argument, counsel for the defendant in error seeks to justify the decision, on the ground that the plea itself does not disclose the nature of the evidence, (whether oral or written,) by which defendant proposed to support it, nor was such disclosure necessary; and further, that in the absence of such disclosure, neither the plaintiff's counsel nor the presiding Judge, was authorized to assume that the plea involved an attempt to vary a written contract by parol evidence, of a contemporaneous agreement.

We do not say that the plea is explicit as to the nature of the qualifying agreement, (whether oral or written)—we do not say that it was essential to efficacy that it should be thus explicit. But we think the phraseology used, in setting out the modifying contract or agreement, is more appropriate to a verbal, than to a written agreement. Parties rarely characterise a contract in writing, as an *"understanding;"* that term being usually if not invariably applied to contracts resting in parol. The other term used, "express agreement," is indifferently applied to both descriptions of contract. The counsel for the plaintiff below, in his motion to strike out, took his position distinctly upon the proposition, as a rule of law, that the contract, expressed by a general endorsement of a promissory note, could not legally be varied by parol evidence of a different understanding. We do not hesitate to affirm that proposition, as this Court has before done. 4th Georgia, 106, 266.

It is said, however, that this rule of law was not violated

in this decision, that the plea was not so framed as to admit its application.    It is apparent that the counsel making the motion, understood the Court as ruling that proposition not to be law, and we are left in doubt, whether his Honor by the judgment rendered, intended to disaffirm the rule, or only to deny its application to the issue of law made by the motion. We think if he intended the latter, he should have said so. Then the counsel, overruled in this motion, would have felt at liberty, in another form (either by objection to evidence, or by a request for a charge to the jury) to re-assert the rule of law, upon which his case turned.    It is manifest that in the result of the case this principle of law has been violated, and we think because the presiding Judge has been less explicit than he should have been, seeing that the plea itself was rather equivocal, and that the counsel understood the Court as holding the law adversely to him.

For this reason, we deem it best to send the case back for a rehearing.

The view we have taken renders it unnecessary to review the other questions made by the bill of exceptions.

Let the judgment be reversed.