| 52 | 131 |
|---|---|
| o120 | 625 |

JULIA A. McLAREN, executrix, plaintiff in error, *vs.* THE MARINE BANK OF THE STATE OF GEORGIA, defendant in error.

1. Where there is nothing upon the face of a bill of exchange to show that it was intended for negotiation at a chartered bank, the defendant—the drawer—cannot show by parol evidence that such was the intention in a suit against him by the holder.

2. When the acceptor of a draft is an accommodation acceptor—as when it is drawn and accepted before negotiation and goes into circulation on the credit of all the parties—this is an excuse for want of presentment to the acceptor when due, and notice to the drawer of non-payment.

Bill of exchange. Protest. Notice. Evidence. Before Judge STROZER. Dougherty Superior Court. October Term, 1873.

The Marine Bank brought complaint against Julia A. Mc-Laren, as executrix upon the estate of Davis Pace, deceased, as drawer, upon the following bill of exchange:

" $3,677 54.　　　ALBANY, GA., April 13th, 1861.

" On the 15th of December next, please pay to my own order $3,677 54, value received, being an advance on my growing crop of cotton, and charge the same to account of
　　　　　　" Yours, respectfully,
　　　　　　　(Signed)　　　　"DAVIS PACE.
" To Messrs. Sims & Rust, Albany, Ga.
　　Indorsed: "DAVIS PACE."
　Written across the face: "SIMS & RUST."

The defendant pleaded that the bill of exchange was never presented to the acceptor for payment, that there was no dishonor of the same, and that no notice of dishonor was given by the holder to the drawer, nor to the defendant as·his executrix.

The defendant sought to show by parol, that at the time the bill of exchange sued on was drawn, it was intended to be negotiated at a chartered bank. This evidence was excluded and she excepted.

The evidence disclosed that at the time the bill of exchange was drawn, Davis Pace, the drawer, was indebted to Sims & Rust, and the draft was made, indorsed, accepted, discounted by the plaintiff, and the proceeds thereof placed to the credit of Sims & Rust, on account of said indebtedness ; that the paper was drawn, indorsed and accepted before being presented to the plaintiff for negotiation ; that the whole object of this proceeding was to make a payment on the indebtedness of the drawer to Sims & Rust.

The defendant requested the court to charge the jury as follows : " If the testimony does not show that the plaintiff did present this draft for payment, at its maturity, at the place of business of the acceptors, and that payment was refused by them, and notice of its non-payment was given to the drawer within a reasonable time, then the plaintiff is not entitled to recover." The court refused said request, and charged to the contrary.

The jury found for the plaintiff. The defendant moved for a new trial because of the aforesaid exclusion of testimony, of the refusal to charge, and of the charge as given. The motion was overruled, and defendant excepted.

VASON & DAVIS, for plaintiff in error.

HINES & HOBBS, for defendant.

McLaren *vs.* The Marine Bank of the State of Georgia.

McCay, Judge.

1. That parol evidence is inadmissible to show that a paper, on its face payable generally, was intended by the parties to it to be negotiated or payable at a chartered bank, has been definitely settled by this court in 4 *Georgia*, 106, and 30 *Georgia*, 271 ; and a contrary ruling would be a heavy blow to the negotiability of such instruments, since no one could ever know what was the truth as to a paper offered for negotiation. It is not necessary to go into the vexed question whether the word indorsers, in the act of 1826, includes drawers. The facts of this case show that the acceptor was an accommodation acceptor, and in such cases the drawer is not entitled to notice, even at common law, unless he shows special damage from the want of notice.

2. The proof here, even as introduced by the defendants, shows that this draft was not the case of a drawer having funds in the hands of another, assigning those to another by a draft or bill of exchange. And this is the primary notion and object of a bill of exchange. Here the drawing, indorsing and accepting, are simultaneous, and they all take place before negotiation. The issuing of the bill was, in fact, by the nominal acceptor. Technically, when it got into his control, it was *functus officio*, since, in form, he is the principal debtor. In truth, however, the paper was made and indorsed by the drawer that the acceptor might raise money upon it. It was intended by the parties as a paper to be negotiated on the credit of all whose names were on it. At the time of the drawing the drawer had no funds in the acceptor's hands. On the contrary, he was largely in debt to the acceptor, and when the note became due, he was still behind with the acceptor. Rust testifies that the draft was drawn for the benefit of the acceptors, by the drawer, and to pay them his indebtedness. The drawer in this case was, in fact, the principal. In such cases he is not entitled to notice, and he can take no advantage of the want of it unless he prove he sustained special damage. The testimony of Rust, the defendant's own witness, shows that

at the maturity of the draft the drawer was still behind with the acceptors, and that this state of things still exists. The excuse for want of notice is thus fully made out. That is done by the very nature of the original transaction. The note was originally made to be negotiated on the credit of all the parties to the paper, and as between the parties, the drawer was contemplated and treated as the principal debtor. If in consequence of the form of the paper—as that Sims & Rust were the nominal principals—the drawer sent them funds to pay, which they failed to appropriate, and damage came to the drawer for want of notice—if this was, in fact, the truth, it was for the defendant to show. The proof of the original transaction excuses the notice until other facts appear.

Judgment affirmed.