### GOETTE *et al. v.* SUTTON *et al.*

1. A deed conveying "all that certain tract or parcel of land situate, lying, and being in the 20th G. M. district of Bryan county, State of Georgia, and containing three hundred and twenty acres, more or less, and bounded as follows: On the north by Bryan road, east by lands of Charlton, south by lands of Charlton and White Oak plantation, and on the west by lands of White Oak plantation and the lands of Henderson; the said tract being known as the W. G. Sutton place," is a conveyance of land by the tract, and not by the acre.

2. Where land has been sold and conveyed by the tract, the number of acres being mentioned in the deed only as a part of the description, and not by way of covenant, in the absence of actual fraud no recovery can be had by the purchaser against the vendor on account of the deficiency in quantity.

3. A deed conveyed a described parcel of land and certain personal property, and recited the consideration as a stated sum of money. *Held,* that parol evidence was admissible to show how much of the consideration applied to the land, and how much to the personal property.

4. Parol evidence is admissible to show that an indorsement on a note was made for a special purpose; for instance, as an authority to collect.

5. The evidence on material questions of fact being conflicting, the judgment refusing to grant an injunction will not be interfered with.

Submitted March 12,—Decided April 15, 1907.

Petition for injunction.    Before Judge Seabrook.    Chatham superior court.    September 8, 1906.

*Cann, Barrow & McIntyre,* for plaintiffs, cited.    Civil Code, §§4532, 3669, 3534, 3814, 4027, 4030, 3675, par. 1, 5202; *Ga. R.* 120/1079; 91/600; 50/618, 619; 44/237; 116/759, 760; 33/491; 56/605; 65/356; 87/45; 92/720; 97/660.

*U. H. McLaws* and *W. G. Charlton,* for defendants, cited: Civil Code, §3984; *Ga. R.* 26/564; 50/618; 54/513; 91/600; 116/761; 69/506, 517.

COBB, P. J.    1, 2.    The propositions stated in the first and second headnotes are sustained by the able and elaborate opinion of Mr. Justice Lumpkin in the recent case *Kendall* v. *Wells,* 126 *Ga.* 343.

3. The consideration of a deed may be always inquired into when the principles of justice require it.    Civil Code, §3599.    If a deed purports to convey two pieces of property for a stated sum of money as the consideration, parol evidence is admissible to show what was the real transaction between the parties as to the amount to be paid for the different pieces of property described in the conveyance.    The terms of the deed are not in any way varied or contradicted by the introduction of such evidence.    Where the statement in the deed as to a consideration is merely by way of recital, as it is in the present case, the actual agreement of the parties as to what is the consideration of the deed is always subject to explanation.    If, however, the consideration is referred to in the deed in such a way as to make it one of its terms and conditions, the rule is otherwise.    *Wellmaker* v. *Wheatley,* 123 *Ga.* 201.

4. It may be shown by parol evidence that the indorsement of a note was made for a special purpose; for instance, as authority to collect.    *Carhart* v. *Wynn,* 22 *Ga.* 24, and Van Epps' annotations.

5. In this case a vendee of land sought to enjoin the sale of the land under a power contained in a deed made to the vendor to secure the purchase-money, upon the ground that there was a de-

ficiency in the land sold, and that the vendor was insolvent. The judge refused to grant the injunction. The evidence before him as to whether a fraud had been perpetrated upon the vendee was conflicting; and his judgment refusing to grant the injunction will not be disturbed.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*