## COLLIER *v.* CLAY *et al.*

1. The evidence in this case authorized the finding and holding of the court below, to which was submitted all questions of law and fact.
2. The plaintiff and defendant being purchasers of contiguous lots of land from a common grantor, who was the administrator of a named decedent and sold the land at an administrator's sale, and the issue being as to which of the two parties to the case had title to a strip of land along their common boundary line, the court did not err in refusing, upon motion of defendant's counsel, to make the administrator, who had previously been discharged from his office, a party to the case, although notice had previously been served upon the administrator as such, notifying him to come into court, and that "he is vouched in court to defend the suit."
3. Matters raised in a bill of exceptions which are not argued or referred to in the brief of counsel will be treated as abandoned.

JANUARY 16, 1912.

Complaint for land. Before Judge Pendleton. DeKalb superior court. December 21, 1910.

*Alonzo Field,* for plaintiff in error.

*Mark Bolding* and *J. Howell Green,* contra.

BECK, J. 1. The plaintiff in error purchased, at an administrator's sale, certain land belonging to the estate of the intestate. The description of the lot so purchased is as follows: "The lot or parcel of land lying and being in land lot one hundred and forty-four (144) in the fifteenth district of originally Henry, now DeKalb county, Georgia, said tract of land containing sixty-three acres, more or less, and commencing at the northeast corner of said land lot, and running thence north 88 degrees west 2072 feet along

the north line of said land lot to the branch, thence in a south-easterly direction along the sinuosities of said branch fifteen hundred and fifty-one feet, thence east sixteen hundred and fifty feet to the east line of said land lot, thence north 2 degrees east fourteen hundred and eighty-nine feet to the beginning point." From this description of the tract or lot, embraced in the deed of the plaintiff in error, it will be seen that the line on the east of the tract of land purchased by him coincides with the land-lot line between land lots 144 and 143 throughout the extent of the eastern boundary of the land purchased by the plaintiff in error. In order to ascertain the eastern boundary it was necessary merely to locate the land-lot line between the two land lots mentioned above. Plaintiff in error was of the opinion that the eastern boundary of the land which he purchased was the line indicated by certain stakes a certain distance to the east of the line which the court, under the evidence, found to be the true land-lot line; but his deed did not call for the line as fixed by the stakes, and did not attempt to indicate the true eastern boundary of the land sold to him, otherwise than by identifying it with the land-lot line; and the instrument with these descriptive words was accepted by the purchaser at the administrator's sale. That being true, he acquired title to no land east of the true land-lot line. And under the evidence in the case, the court was authorized to find that the true land-lot line was to the west of the stakes, as contended by the defendants in error (plaintiffs in the court below), and to hold that the strip of land between the true line and the line marked by the stakes belonged to these plaintiffs. *Hall* v. *Davis*, 122 *Ga.* 252 (50 S. E. 106).

2. The bill of exceptions recites that the defendant in the case gave "J. Howell Green and the said J. Howell Green as administrator of the estate of Nancy Ford, deceased, notice to come into court and defend his, J. E. J. Collier's, title. . . The said J. Howell Green appeared, and the court passed up an order in the premises, to wit: 'J. Howell Green having appeared before the court in the above-stated case in obedience to the foregoing notice, and resisted becoming a party defendant in said case, and stating that he is no longer administrator of the estate of Nancy Ford, deceased, having been discharged therefrom; the court declines to require him to become a party defendant in said case upon the showing made by the movant, J. E. J. Collier.'" The no-

tice referred to is attached as an exhibit to the bill of exceptions filed pendente lite, and is addressed to J. Howell Green, administrator of the estate of Mrs. Nancy Ford, deceased. It recites the fact of this suit having been brought against the defendant, and that J. Howell Green, as administrator of the estate of his intestate, had said land surveyed by a surveyor prior to the sale of the same on the 2d day of October, 1896, and that as administrator he had sold of the estate of his intestate the tract of land described in his deed, and that this notice was served "to vouch you in court to defend said suit." Plaintiff in error excepted generally to the order of the court set forth above. Inasmuch as there was no denial of the fact that J. Howell Green had been discharged as administrator of the estate of his intestate, of which estate the lands in question constituted a part, the court properly refused to make the discharged administrator a party to the case.

3. The bill of exceptions contains an exception to the exclusion of certain evidence; but this exception is not argued or referred to in the brief of counsel for plaintiff in error, and is therefore treated as abandoned.

*Judgment affirmed. All the Justices concur, except Hill, J., not presiding.*