SANDERS *et al.,* executors, *v.* AYERS *et al.*

1. Where the payee of a note, payable to himself or order, transfers the same in writing to a third person, without recourse, and signs the transfer, parol evidence is admissible, at the instance of the payee or his executors, to show that such transfer was made for collection.
2. This was the rule at common law; and section 5796 of the Code of 1910 was not intended to abrogate this principle of the common law, the purpose of this section being, not to narrow the admission of parol evidence where it was permissible by common law, but to extend the admission of such evidence to the explanation of indorsements in blank, which was not permissible by that law.
3. The court erred in excluding parol evidence to show that the written transfers of the notes in this case were for collection only, and in refusing an injunction on the ground that parol evidence was not admissible for this purpose.

No. 3350. MAY 21, 1923.

Petition for injunction. Before Judge Hodges. Hart superior court. July 7, 1922.

*T. S. Mason* and *Tutt & Brown,* for plaintiffs.

*A. S. Skelton* and *B. B. Zellars,* for defendants.

HINES, J. The executors of S. H. Sanders filed their petition against J. A. Ayers and J. W. Sanders, in which they sought to enjoin the collection or disposition by Ayers of certain notes given by J. W. Sanders to S. H. Sanders, and to require Ayers to account for money collected upon these notes. They alleged that their testator, being physically unable to attend to business, transferred to Ayers, his son-in-law, said notes for the purpose of their collection, Ayers agreeing to collect them and to turn over the proceeds thereof to said testator. At different times Ayers collected from the maker various sums of money on these notes, and subsequently took from the maker renewal notes, and Ayers holds the renewal notes and various sums collected on the original notes in trust for their testator. They have demanded from Ayers said renewal notes and the money collected on the original notes, and he refuses to deliver said notes to them or to account for the moneys collected from the maker on the original notes. Ayers is insolvent. Among other prayers, they prayed for an injunction restraining Ayers from disposing of said renewal notes. The original notes were payable to the order of S. H. Sanders, and each one was indorsed as follows: "For value received I hereby transfer the within note to J. A. Ayers, without recourse on me. This Mch. 22, 1913. S. H. Sanders. Witness R. C. Thornton, N. P." The trial judge held that the legal effect of these transfers could not be modified or explained by parol evidence, and that such evidence was not admissible to show that the transferee held said notes for collection and not as the absolute owner thereof. For this reason, the judge declined to grant an injunction; and error is assigned upon the above ruling, and upon this refusal to grant an injunction. The sole and narrow question in this case is this: Where the payee of a note, payable to himself or order, transfers the same by writing to a third person without recourse, and signs the transfer, can it be shown by parol, at the instance of the original payee or his executors, that such transfer was made for collection by the transferee for the use of the assignor, and not meant to vest in the assignee the absolute title to the note and its proceeds?

Prior to the adoption of the Code, parol evidence was inadmissible to vary the contract expressed by an indorsement of a promissory note, or vary the legal effect of the indorsement. So it was held by this court " that an indorser *in blank,* on a promissory note, which is absolute, unconditional, and unrestricted on its face, cannot prove *by parol,* that it was given for the purpose of negotiation, or was intended to be negotiated at a chartered bank." *Stubbs* v. *Goodall,* 4 *Ga.* 106. So this court held that " parol evidence is incompetent to prove that a draft, payable to the order of P. generally, was intended to be negotiated at bank." *Patten* v. *Newell,* 30 *Ga.* 271. Again, this court held that " the contract expressed by the general indorsement of a promissory note can not be varied by oral evidence of a different understanding or agreement between the parties." *Bartlett* v. *Lee,* 33 *Ga.* 491. The same principle was announced again by this court in *McLaren* v. *Marine Bank,* 52 *Ga.* 131, and in *Meador* v. *Dollar Savings Bank,* 56 *Ga.* 605. This rule, excluding parol evidence when offered to change the contract expressed by an indorsement or to vary its legal effect, applied to the immediate parties to the contract as well as to those parties who acquired the instrument afterwards as bona fide holders. It was applicable alike to blank and full indorsements.

This rule of the common law was somewhat changed by the Code. This change was this: " Blank indorsements of negotiable paper may always be explained between the parties themselves, or those taking with notice of dishonor or of the actual facts of such indorsements." Civil Code (1910), § 5796. Now it is insisted that this section excludes the introduction of parol evidence to explain a full indorsement in all cases and under all circumstances. This is not the true construction of this section. It was not intended to exclude parol evidence to explain a full or a blank indorsement, where that was permissible by the common law. The purpose was to permit the explanation of blank indorsements, between the parties themselves, or those taking with notice of dishonor, or of the actual facts of the indorsements. This section lets in parol evidence where it was inadmissible by the common law. It takes down one of the common-law bars against parol evidence. The purpose of the section was not to erect a new bar against the use of parol evidence, and to make it inadmissible where

it was admissible by the common law. Its purpose was to enlarge, and not to contract, the use of parol evidence. It can always be shown by parol that an indorsement of a note was made for the special purpose of its collection. *Carhart* v. *Wynn*, 22 *Ga.* 24; *Meador* v. *Dollar Savings Bank*, 56 *Ga.* 605: *Goette* v. *Sutton*, 128 *Ga.* 179 (4) (57 S. E. 308). This is the common-law rule. 1 Daniel on Negotiable Instruments (6th ed.), §§ 720(a), 721. It is not the purpose of this section of our Code, as we have stated above, to change or modify this rule of the common law, which has been fully recognized and applied by this court. This written transfer of these notes was in effect and in fact an indorsement of them. *Hendrix* v. *Bauhard*, 138 *Ga.* 473 (75 S. E. 588, 43 L. R. A. (N. S.) 1028, Ann. Cas. 1913D, 688). This puts them, for this reason, upon the same footing as if they had been indorsed in the regular mode. The confusion in this matter grows out of the application, under all circumstances, of the general rule, that parol evidence is inadmissible to vary the contract expressed by an indorsement and its legal effect, which was modified by this section of the Code, and in giving to this section the effect of repealing a common-law exception to the general rule, to wit: that in indorsements, both blank and in full, and in transfers of negotiable notes, parol evidence is admissible to show that the indorsement or transfer was made for collection only and for the benefit of the payee.

So the trial judge erred in refusing to permit the plaintiffs to show by parol evidence that the transfers of these notes by their testator were for collection for his benefit, and in refusing to grant the injunction prayed.

*Judgment reversed. All the Justices concur.*

Atkinson and Gilbert, JJ., concur in the result.

ATKINSON, J. It is not the law that the terms or effect of every written assignment of a negotiable promissory note may, as between the maker and the payee or persons taking with notice, be varied by parol merely because the written assignment by the payee is put on the back of the note. The contract of assignment, though written on the back of the note, may be so complete as to convey to the transferee for his own use an indefeasible title to the note, and in such instance parol evidence will not be admitted to vary the terms or effect of the contract of assignment. But the

contract of assignment involved in this case is not of that character. The writing does not purport to state the whole contract, and therefore parol evidence is admissible to show the part of the contract that is omitted from the writing. *Pryor* v. *Ludden & Bates,* 134 *Ga.* 288 (67 S. E. 654, 28 L. R. A. (N. S.) 267); *Bond* v. *Perrin,* 145 *Ga.* 200 (88 S. E. 954). The written assignment says "for value received." These words relate to the consideration, and show affirmatively that the writing omits to set forth the real or specific consideration moving the parties to the agreement. It is necessary to look to extrinsic evidence to see what is the consideration. Being let into this inquiry, it is competent to show by parol in this case that the consideration of the transfer was the undertaking of the transferee to collect the notes for use of the transferer.