14950.   McNEIL *v.* LEWIS *et al.*

BROYLES, C. J.   Under the particular facts of the case the court did not err in striking paragraph 3 of the plea, and the amendment thereto, or in refusing to strike a portion of the petition, or in thereafter rendering judgment in favor of the plaintiff and against both defendants.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED DECEMBER 5, 1923.

Complaint; from city court of Morgan—Judge E. L. Smith. July 11, 1923.

A. A. Lewis and W. A. Baldwin, the transferees of a promissory note signed by R. T. Eubanks and payable to the order of Mrs. Minnie McNeil, on which was written a transfer, signed by the payee, as follows: "For value received I this day transfer the within note to A. A. Lewis and W. A. Baldwin," brought suit thereon against the maker and Mrs. McNeil jointly. Mrs. McNeil filed a plea denying indebtedness, and in paragraph 3 of the plea alleged: This defendant owned a place in Terrell county, and plaintiffs owned a place in Calhoun county and desired to trade places with her. They valued their places at $737 more than defendant's place was valued at, and defendant, not having the money to pay the same, offered to trade and did trade to plaintiffs the note sued on (which was for the principal sum of $857.11),

"discount in said note more than $120 to petitioner," and it was agreed and understood at the time when said trade was made that this defendant was not to be liable on said note, and the transfer was entered thereon only for the purpose of giving plaintiffs the right to sue thereon as against the maker, "it being understood and agreed and the discount of $120 being allowed all to the purpose and for the purpose only of transferring said note without recourse on this defendant." The fact that the words "without recourse" were left out of said transfer was due solely to a mistake, mutual between the parties and contrary to their agreement, it being emphatically agreed and expressed at the time, and for a consideration, that the plaintiffs would look only to R. T. Eubanks, the maker of the note, for payment thereof. The answer was amended by adding: "that this defendant construed the transfer on said note to mean that it conveyed title to said note to the plaintiff, and in no wise made the defendant liable on said note as transferee [?] or otherwise, and that this construction placed on said note by said defendant was known to the plaintiff at the time, and he accepted said transfer thereon knowing the construction that was placed on same by this defendant. She understood from said transfer that she only conveyed title and in no wise was responsible for the payment of said note. It would be a fraud on defendant to be held liable on said transfer."

A motion to strike paragraph 3 of the answer, and the amendment, was made by the plaintiffs upon the ground that "the same undertakes to add to, contradict, and vary the terms of a written contract of indorsement, by parol testimony." The motion was sustained.

There was also a motion by Mrs. McNeil to strike "that part of plaintiffs' petition which alleged liability against Mrs. McNeil, on the ground that no sufficient allegation was made on said petition . . on which to base a judgment against her as indorser, it not being alleged that she was an indorser on said note." This motion was overruled.

The court rendered judgment against Eubanks as principal and against Mrs. McNeil as indorser, for the amount of the note; and Mrs. McNeil excepted, assigning error on the rulings and judgment stated.

*A. L. Miller,* for plaintiff in error, cited: 143 *Ga.* 569; Civil Code (1910), §§ 4267, 5796; 155 *Ga.* 630; 123 *Ga.* 784.

*W. H. Gurr, R. R. Marlin,* contra: Civil Code (1910), §§ 3562, 3556; 114 *Ga.* 668 (3); 155 *Ga.* 630; 138 *Ga.* 473; 9 *Ga. App.* 350; 56 *Ga.* 605; 143 *Ga.* 569 (distinguished); 139 *Ga.* 646; 33 *Ga.* 491.