### 18182. Smith et al. v. Hall.

Bell, J. 1. Where lands are sold by the tract and are described in the agreement as containing so many acres more or less, the vendee can not have an apportionment of the purchase price on account of an alleged deficiency in the acreage without alleging and proving actual fraud on the part of the vendor. *Emlen* v. *Roper,* 133 *Ga.* 726 (66 S. E. 934); *Montgomery* v. *Robertson,* 134 *Ga.* 66 (67 S. E. 431); *Collier* v. *Clay,* 137 *Ga.* 473 (73 S. E. 655); *Kirkland* v. *Brewton,* 32 *Ga. App.* 128 (122 S. E. 814). It is not enough merely to show a deficiency so gross as to justify the suspicion of wilful deception or mistake amounting to fraud. While that is an issue which necessarily arises in all cases of this sort, it is only preliminary to the principal question of fraud in fact, and must be decided in favor of the vendee before the latter question is open for consideration. *Estes* v. *Odom,* 91 *Ga.* 600 (18 S. E. 355).

2. The court in this case charged the jury in the language of the decision of the Supreme Court in *Wylly* v. *Gazan,* 69 *Ga.* 506 (5, a) as follows: "If a purchaser has equal opportunities with his vendor for discovering the contents of a lot sold, he is bound to avail himself of those opportunities. If he fails to do so, and on account of his own gross negligence he is injured, relief will not be granted." The defendant has excepted to this charge upon the ground that it contained an intimation

---

*Appeal and Error,* 4 C. J. p. 1033, n. 37.

New Trial, 29 Cyc. p. 789, n. 4.

Trial, 38 Cyc. p. 1595, n. 3, 4.

Vendor and Purchaser, 39 Cyc. p. 1313, n. 6; p. 1314, n. 7; p. 1585, n. 70; p. 1586, n. 73, 74; p. 1596, n. 41.

that the failure by the vendee to exercise such opportunities would amount to gross negligence. Language which may be proper in a headnote or in an opinion by a reviewing court may be inappropriate as an instruction to a jury, and the mere fact that the charge complained of was taken verbatim from a decision of the Supreme Court did not necessarily make it proper as a charge to a jury. *Bonita Theater* v. *Bridges*, 31 *Ga. App.* 798 (2) (122 S. E. 255). The excerpt under consideration may, perhaps, be subject to the criticism made upon it; but even if so, a new trial would not necessarily result. The vendee can not have an apportionment if he has equal opportunities with the vendor for discovering the contents of the tract sold and fails to avail himself thereof. Since his mere failure to use an opportunity equal to that of the vendor to discover the number of acres would bar a recovery, and since the issue of whether the vendee failed in this regard was fairly submitted, it is immaterial that the court may have intimated that such failure would amount to gross negligence. *Howard* v. *Ga. Ry. & Power Co.*, 35 *Ga. App.* 273 (2) (133 S. E. 57).

3. There is no merit in any of the exceptions to the charge of the court. The evidence did not demand the inference of actual fraud on the part of the vendor as alleged in the defendant's plea. The verdict in favor of the plaintiff for the amount sued for was therefore authorized. The court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 21, 1927.

Attachment; from Walker superior court—Judge Maddox. March 7, 1927.

*Norman Shattuck,* for plaintiffs in error. *Rosser & Shaw,* contra.