## 47717. HANCOCK v. NASHVILLE INVESTMENT COMPANY, INC.

EBERHARDT, Presiding Judge. Nashville Investment Company, Inc. brought suit against Mallie Hancock, alleging in substance that defendant executed to plaintiff a warranty deed conveying a described tract of land containing 69 acres, more or less; that subsequently plaintiff had the tract surveyed, which revealed a shortage of some 13 acres; that the deficiency in quantity of acreage sold was so great as to constitute a wilful deception or mistake amounting to a fraudulent act on defendant's part; that defendant and his attorney who had represented him in condemnation proceedings had access to a plat which showed that a portion of the 69-acre tract sold to plaintiff had been previously acquired from defendant by Berrien County in condemnation proceedings; that defendant had actual knowledge that Berrien County owned a portion of the tract he sold and conveyed to plaintiff; that plaintiff relied upon defendant's false representations as to the acreage of the tract in purchasing the land; and that plaintiff was

entitled to an apportionment of the purchase price according to relative value. Code § 29-201.

Defendant answered and made the affirmative defense that he had sold two separate tracts of land to plaintiff for the lump sum of $60,000; that this was a sale by the tract and not by the acre; that he had committed no fraud but that any deficiency in the acreage was the result of gross mistake, error and wilful deception on plaintiff's part.

Defendant moved for judgment on the pleadings on the grounds that the complaint did not allege whether the sale was by the acre or by the tract, and that defendant was charged only with constructive knowledge or fraud rather than with actual knowledge or fraud. The trial court denied the motion, and defendant appeals with a certificate. *Held:*

1. The deed involved here conveyed "All that tract or parcel of land situate, lying and being sixty-nine (69) acres, more or less, in lot of land number 191 in the 10th Land District of Berrien County, Georgia, and being bounded as follows: On the North by Lands of Berrien County; on the East by lands of Jack Guest; on the South by lands of Georgia and Florida Railroad; and West by lands of Berrien County and lands of Ralph May." This is a conveyance of land by the tract and not by the acre (e. g., *Goette v. Sutton,* 128 Ga. 179 (1) (57 SE 308); *Rawlings v. Cohen,* 143 Ga. 726 (1) (85 SE 851); *White v. Adams,* 7 Ga. App. 764 (68 SE 271)), and plaintiff does not contend otherwise.

2. It is well settled that "it is only in cases of actual fraud that a purchaser of land, sold by the tract and described in the deed as so many acres 'more or less,' can have the price which he agreed to pay for the land apportioned because of a deficiency in the number of acres actually conveyed to him." Code § 29-201; *Finney v. Morris,* 116 Ga. 758, 759 (42 SE 1020) and cits. Accord: *Kendall v. Wells,* 126 Ga. 343 (2) (55 SE 41) and

cases cited; *Keiley v. Citizens Savings Bank &c. Co.,* 173 Ga. 11 (2) (159 SE 527).

3. The allegations of defendant's affirmative defense were not admitted and are deemed denied. Code Ann. §§ 81A-108 (d), 81A-107 (a); *General Motors Acc. Corp. v. Jackson,* 119 Ga. App. 221 (166 SE2d 739). For purposes of defendant's motion for judgment on the pleadings, all well-pleaded allegations of plaintiff's complaint are taken as true and all allegations of defendant's affirmative defense are taken as false. *Gulf American Fire & Cas. Co. v. Harper,* 117 Ga. App. 356 (1) (160 SE2d 663); *General Motors Acc. Corp. v. Jackson,* 119 Ga. App. 221, supra.

4. "In all averments of fraud, or mistake, the circumstance constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." CPA § 9 (b) (Code Ann. § 81A-109 (b)).

5. The allegations of fraud in the instant complaint, as amended, are sufficient to withstand the motion for judgment on the pleadings. Cf. *Cates v. Owens,* 87 Ga. App. 270 (73 SE2d 345) and cits.; *Estes v. Odom,* 91 Ga. 600 (18 SE 355); *Seymore v. Rice,* 94 Ga. 183 (21 SE 293); *Perkins Mfg. Co. v. Williams,* 98 Ga. 388 (25 SE 556); *Dorsett v. Roberds,* 172 Ga. 545 (158 SE 236).

*Judgment affirmed. Pannell and Stolz., JJ., concur.*

SUBMITTED JANUARY 9, 1973 — DECIDED FEBRUARY 2, 1973.

*Kelley & Allen, Roy Benton Allen,* for appellant.
*Knight & Perry, William S. Perry,* for appellee.