## 51594. WATERS et al. v. GROOVER et al.

CLARK, Judge.

This appeal involves a suit by appellant plaintiffs alleging breach of title warranty on a conveyance by deed of land in Tattnall County. The complaint averred a shortage of acreage or a defect in title to a portion of the property. Appellants' attorney aptly describes the factual background as "complicated and confusing." Fortunately, our court has been assisted by excellent briefs furnished by counsel for all parties which have simplified the facts and issues. This is characteristic of appellate advocacy at its best. "If better briefs are written, the courts will produce better decisions." Rossman, Appellate Practice and Advocacy, 34 Oregon L. Rev. 73.

The complaint is in two counts. The first seeks damages from the sellers claiming shortage of 9.42 acres. They contend that the warranty deed purportedly conveyed 117.35 acres whereas the sellers had obtained a release of only 107.93 acres from an outstanding loan deed held by the Federal Land Bank of Columbia. Plaintiffs rely upon this description in this release as negating the necessity for a survey to establish their contention that they were "shorted." The second count is in negligence against the attorney who handled the transaction for buyers. Appellants recognize that a ruling adverse to them on the first count would also terminate their claim against the lawyer.

Plaintiffs acknowledge there was no fraud, actual or constructive, nor wilful deception. Accordingly, our decision depends upon construction of the description of the property in the conveyance document. *Held:*

1. The description in the deed.(R. 62 - Exhibit 13) is lengthy but is subject to dissection as to the controlling portions. The first paragraph begins: "All that certain tract or parcel of land lying and being in the 1710th G.M. District of Tattnall County, containing 111.96 acres, more or less, and bounded as follows." This paragraph continues with a description as to the boundaries on the north, east, south, southwest, and west and northwest, doing so by naming either highways or properties according to ownership. As a part of this description by

metes and bounds the paragraph then reads: "said lands being inclusive of the lands represented by that certain plat made by R. D. Collins, . . . dated December 8, 1962, and of record. . .in deed book 4-M at page 176, Plus one (1) acre, more or less, on the northeast of said tract of land, acquired by Grantors herein from Vivian A. Bacon and 7.144 acres of land described by metes and bounds according to plat thereof made by Joe P. Davis. . .dated November 1972, a copy of which plat is attached hereto and made a part thereof by reference, which said 7.144 acres adjoins the larger tract represented by the R. D. Collins plat above referred to on the southwest."

Then there follows a new paragraph wherein three described tracts of land are *"Excepted* from this conveyance."

We can readily understand how the buyers in good faith misconstrued their rights. In their brief they treated the "plus" portion of the first paragraph as a second and separate paragraph and thereby erroneously added the one acre and 7.144 acres to 111.96, and thereafter deducted the acreage contained in the three *excepted* tracts. But this was not the scrivener's intent as shown by making the "plus" portions as a part of the first paragraph. Clearly, the word was used to mean "and." When included in a single paragraph as was actually done in the original recorded document the portions thereof were used to complete the metes and bounds describing the adjoining lands and landowners.

The scrivener thus carried out the intent of the parties as shown in the depositions. For instance, in the defense cross examination of plaintiff with reference to a plat used by the parties during their negotiations, plaintiff acknowledged that "It comes out to 111.96 acres." (R. 84). The option agreement (T. 63, Exhibit 14) shows that originally the figures of 112.96 were typewritten and then an inked change made so that the figures finally read as 111.96.

The record on appeal therefore establishes the conveyance to have been 111.96 acres in conformance with the intention of the parties.

2. Additionally, the description in the deed shows the transaction to have been carried out as a sale of a tract

of land and not as a purchase per acre. Accordingly, it is governed by Code § 29-201, the pertinent portion of which reads: ". . . If the sale is by the tract or entire body, a deficiency in the quantity sold cannot be apportioned. If the quantity is specified as 'more or less,' this qualification will cover any deficiency not so gross as to justify the suspicion of wilful deception, or mistake amounting to fraud. . ."

Language similar to that used here has been held to be a conveyance by the tract and not by the acre. *Goette v. Sutton,* 128 Ga. 179 (1) (57 SE 308); *Rawlings v. Cohen,* 143 Ga. 726 (1) (85 SE 851); *Hancock v. Nashville Investment Co.,* 128 Ga. App. 58 (1) (195 SE2d 674). As was stated in *Hancock* Division 2: "It is well settled that it is only in cases of actual fraud that a purchaser of land, sold by the tract and described in the deed as so many acres 'more or less,' can have the price which he agreed to pay for the land apportioned because of a deficiency in the number of acres actually conveyed to him. [Cits.]"

3. This being an appeal by plaintiffs from the grant of a summary judgment to defendants appellants argue that those legal principles which place onerous burdens upon the movant in such instances require reversal. Nevertheless when as here these have been overcome, defendants are entitled to a summary judgment. We quote from one of the many noteworthy opinions written by our beloved late Judge Eberhardt. In *Brown v. J. C. Penney Co.,* 123 Ga. App. 233 (180 SE2d 364) he wrote the following: "But in instances when the burden has been carried, as here, if we should hold that the grant was not proper we would, in effect, be nullifying the Summary Judgment Act, now included in § 56 of the Civil Practice Act. It would render the Act meaningless, and one can not conclude that this is the case. It has served and serves a useful purpose, viz., to eliminate the necessity of a trial by jury when there is no genuine issue of fact to be tried. [Cits.]"

There being no genuine issue of material fact and defendants here being entitled to judgment as a matter of law, it is proper to hold the judgment affirmed.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED JANUARY 12, 1976 — DECIDED FEBRUARY 17, 1976 — REHEARING DENIED MARCH 31, 1976 — 

*M. Francis Stubbs,* for appellants.
*Bouhan, Williams & Levy, James M. Thomas, Van Cheney,* for appellees.