58573, 58574. ODEN & SIMS USED CARS, INC. v. McMULLEN; and vice versa.

Smith, Judge.

Appellant asserts that certain evidentiary errors committed by the trial court require a reversal of that portion of the judgment awarding exemplary damages to appellee in his action for conversion. Cross-appellant (appellee in the main action) asserts that the trial court erred in directing a verdict against cross-appellant on its claim for damages based on 15 USCA § 1981 et seq. (The Odometer Act). We reverse the award of exemplary damages. In all other respects, the judgment is affirmed.

1. Appellee's action arises out of the wrongful repossession of an automobile which appellee was purchasing "on time." Appellant does not contest liability for conversion. However, appellant does contend that the award of exemplary damages must be reversed because the trial court excluded evidence of an oral understanding between the parties that if payments were not made, the auto would be repossessed. The trial court excluded this evidence on the ground that it was inadmissible under the parol evidence rule because the bill of sale contained a provision stating: "No agreement between salesman and customer binding on part of company."

We do not consider the evidence of oral understandings regarding the repossession of the automobile objectionable on the ground that the admission of such evidence would violate the parol evidence rule. The evidence was not offered for the purpose of alter-

ing the substantive rights of the parties under a written sales contract, but for the purpose of establishing that appellant did not act maliciously and oppressively. See *Southern R. Co. v. O'Bryan,* 119 Ga. 147 (45 SE 1000) (1903); *Deavers v. Standridge,* 144 Ga. App. 673, 676 (242 SE2d 331) (1978). The evidence was probative on this issue and should have been admitted. *Ga. R. & Bkg. Co. v. Eskew,* 86 Ga. 641 (12 SE 1061) (1891). "We will not speculate what effect such evidence framed by appropriate instructions might have upon a verdict for damages. Suffice it to say, we believe the error to have worked prejudice in this case..." *Barker v. Crum Trucking Co.,* 137 Ga. App. 435, 436 (224 SE2d 53) (1976). The award of punitive damages must therefore be reversed.

2. Cross-appellant asserts that the trial court erred in directing a verdict in favor of cross-appellee on cross-appellant's Odometer Act claim because a jury question was presented as to whether cross-appellee knew that it had not complied with all of the informational requirements of 15 USCA § 1981 et seq. and 49 CFR, Part 580. Although we agree with cross-appellant that sufficient evidence was presented at trial to raise a jury question with respect to cross-appellee's knowledge of non-compliance, we reject cross-appellant's assertion that proof of such knowledge alone establishes a prima facie case under the Odometer Act.

In order to impose civil liability under the Odometer Act, an intent to defraud must be established. This is apparent from the language of 15 USCA § 1989 (a), which provides: "Any person who, with intent to defraud, violates any requirement imposed under this subchapter shall be liable in an amount equal to the sum of —(1) three times the amount of actual damages sustained or $1,500, whichever is the greater; and (2) in the case of any successful action to enforce the foregoing liability, the costs of the action together with reasonable attorney fees as determined by the court." We fail to see how an intent to defraud can be inferred solely from a knowing failure to comply with the informational requirements of the Odometer Act. Although cross-appellant has cited several federal district court orders which support this view (see, e.g., Ortiz v. Marietta Dodge, Inc., No. C 74-1861A (N. D.

Ga., July 30, 1975); Jeffries v. Tom & Bob's Wholesale Auto's, No. C75-2236A (N. D. Ga., May 28, 1976)), we cannot accept the views expressed therein as a correct statement of the law. Rather, we agree with the overwhelming weight of authority that in order to impose liability under 15 USCA § 1989 (a), it must be proved that "a change in the odometer reading has occurred and that the seller has failed to disclose the change." Delay v. Hearn Ford, 373 FSupp. 791, 796 (D. S. C. 1974); Augusta v. Marshall Motor Co., 453 FSupp. 912, 920 (N. D. Ohio, 1977); Lawrence v. Franklin Investment Co., 468 FSupp. 499, 502 (D.D.C. 1978). Cross-appellant introduced no evidence indicating that the odometer reading had been changed. We conclude that the trial court did not err in directing a verdict against cross-appellant.

*Judgment on main appeal affirmed in part; reversed in part. Judgment on cross appeal affirmed. Quillian, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 12, 1979 — DECIDED JANUARY 21, 1980 —

*James F. Stovall, III,* for appellant.
*Claudia Tesoro, Carolyn S. Weeks,* for appellee.