## 60217. McINTYRE v. VARNER et al.

CARLEY, Judge.

Appellant McIntyre sold a tract of land in Fannin County to appellees John Varner and Pierre Howard on January 4, 1973. The tract was represented in the sales contract and the accompanying deeds as "containing 122 acres, more or less." The sales contract also included a provision permitting appellees to have the tract surveyed within 24 months after the date of closing, with appellees to be compensated for any deficiencies in acreage then discovered at the rate of $500 per acre. At closing, appellees paid the sum of $15,000. The balance of the purchase price based upon a sale of 122 acres was evidenced by a promissory note and secured by a deed to secure debt. In June of 1977 appellees hired John Rea, a registered land surveyor, to survey the land purchased from appellant. During the course of the survey Rea found that the tract in question contained only 86.7 acres of land, thereby exposing an apparent acreage deficiency of 35.3 acres. Prior to the completion of the survey, appellees paid to appellant the sum of $43,000 in principal as well as interest in the amount of $10,450. However, appellees subsequently refused to pay the outstanding balance due on the note and filed suit against appellant on September 21, 1977 to recover damages allegedly resulting from the deficiency. Appellant filed an answer and a counterclaim in which he denied liability and alleged that appellees were indebted to him for the full amount of the outstanding balance of the note.

The trial court, sitting without a jury, found for appellees on their claim for deficiency apportionment at the rate of $500 per acre. In addition, the trial court set off the resulting $17,650 award to appellees against the outstanding balance of $17,900 owed to appellant under the terms of the note. Judgment was thus awarded to

appellant in the amount of $250, and it is from this judgment that appellant brings the instant appeal.

1. In Enumerations of Error 1 through 7 appellant argues that the trial court erred in rendering a judgment for appellees in accordance with the provisions of Code Ann. § 29-201, which states as follows: "In a sale of lands, if the purchase is per acre, a deficiency in the number of acres may be apportioned in the price. If the sale is by the tract or entire body, a deficiency in the quantity sold cannot be apportioned. If the quantity is specified as 'more or less,' this qualification will cover any deficiency not so gross as to justify the suspicion of wilful deception, or mistake amounting to fraud; in this event the deficiency is apportionable; the purchaser may demand a rescission of the sale or an apportionment of the price according to relative value." Appellant agrees with the finding of the trial court that the sale in question was a sale of land by the tract rather than by the acre. However, appellant contends that the trial court erred in finding that the acreage deficiency in this case was apportionable because the deficiency was "so gross as to justify the suspicion of wilful deception, or mistake amounting to fraud."

We agree that the trial court was in error in basing its judgment in favor of appellees on the apportionment provisions of Code Ann. § 29-201. The courts of this state have interpreted Code Ann. § 29-201 as requiring that a deficiency apportionment of a tract of "more or less" acres be based upon the *actual fraud* of the vendor. "It is not enough merely to show a deficiency so gross as to justify the suspicion of wilful deception or mistake amounting to fraud. While that is an issue which necessarily arises in all cases of this sort, it is only preliminary to the principal question of fraud in fact, and must be decided in favor of the vendee before the latter question is open for consideration. [Cit.]" *Smith v. Hall,* 37 Ga. App. 458 (140 SE 431) (1927). "It is well settled that *'it is only in cases of actual fraud* that a purchaser of land, sold by the tract and described in the deed as so many acres "more or less," can have the price which he agreed to pay for the land apportioned because of a deficiency in the number of acres actually conveyed to him.' [Cits.]" (Emphasis supplied.) *Hancock v. Nashville Invest. Co.,* 128 Ga. App. 58, 59 (195 SE2d 674) (1973); accord, *Waters v. Groover,* 138 Ga. App. 276, 278 (226 SE2d 74) (1976). Thus, absent a finding that *actual fraud* tainted the sale of a tract of "more or less" acres, an apportioned award of damages to the purchasers of the land for alleged acreage deficiencies is not permitted under Code Ann. § 29-201. See *Smith v. Hall,* 37 Ga. App. 458, supra.

A review of the record in the case at bar discloses that the trial court did *not* expressly find appellant guilty of actual fraud in the

subject sale. As a result, the conclusion of the trial court that appellees were entitled *under Code Ann. § 29-201* to an apportioned return of the purchase price was erroneous. This court cannot infer the requisite finding of actual fraud from the mere fact that the trial court found in appellees' favor.

However, we find that an alternative theory of recovery argued by appellees supports the judgment of the trial court in every particular. The sales contract between appellant and appellees originally stipulated that appellant was to pay appellees $500 per acre for any deficiency in acreage uncovered by a survey conducted by a registered professional surveyor within 24 months from the date on which the sale was closed. As one of its findings of fact the trial court found that appellant had repeatedly consented to indefinite extensions of the time period during which appellees were permitted to have the land surveyed and to recover $500 per acre for deficiencies in acreage disclosed by an approved survey. The judgment of the trial court being authorized under this contractual rather than the statutory approach to the issue, appellant's first seven enumerations fail to demonstrate reversible error. See *Walden v. Barwick,* 72 Ga. App. 545 (2) (34 SE2d 552) (1945).

2. Appellant next asserts that the trial court "erred in over-ruling [appellant's] continuing objections to the introduction into evidence of testimony concerning negotiations and communications occurring prior to the execution of the Sales Contract . . . and in finding the facts set forth in ¶ 4 of the FINDINGS OF FACT." The subject testimony dealt with appellant's representations to appellees prior to the closing that the tract being sold contained 122 acres of property. Since the sales contract and the deeds all specified that appellees were purchasing a 122-acre tract of land, "more or less," there was no error in the admission of testimony which merely verified the fact that appellant was consistent in his representations as to the size of the tract of land being sold to appellees. *Oden & Sims Used Cars v. McMullen,* 153 Ga. App. 127, 128 (264 SE2d 580) (1980).

Since the testimony concerning prior representations as to the size of the tract was properly admitted, we are bound by the trial court's findings of fact based upon and supported by such testimony. See *Alexander v. Kendrick,* 134 Ga. App. 249 (1) (213 SE2d 911) (1975). Appellant's arguments to the contrary are accordingly without merit.

3. In his ninth and tenth enumerations of error appellant argues that the trial court erred in admitting testimony concerning the alleged oral agreement between appellant and appellees to extend the 24-month survey period originally set out in the sales contract, and

furthermore that the trial court's findings of fact and conclusions of law concerning this testimony were erroneous. We reject these arguments.

The testimony concerning the oral agreement was properly admitted as evidence tending to establish the existence and terms of the agreement. "The terms of a written contract may be modified or changed by a subsequent parol agreement between the parties, where such agreement is founded on a sufficient consideration." *Evans v. Henson,* 73 Ga. App. 494 (3) (37 SE2d 164) (1946). In the case at bar it is clear that the alleged oral agreement altering the time limitation on appellees' right to have the property surveyed constituted a parol modification of one of the terms of the sales contract. See *Evans v. Henson,* supra at 500.

In addition, we find no error in the trial court's conclusion that "[t]he parties, subsequent to the execution of the conveyance of the land involved in this litigation, entered into an oral agreement to extend the time in which a survey could be obtained. This oral agreement was relied upon by the plaintiffs and was partly performed so as to allow its enforcement." The evidence adduced at trial by appellees demonstrated reliance, partial performance and consideration in support of appellees' claim that the oral agreement was enforceable. Even in the absence of one or more of the essential requirements for oral modification, the challenged testimony would be admissible and would support the conclusion of the trial court on the basis of waiver as opposed to actual modification of the contract. "[T]imely performance may be waived orally." *Smothers v. Nelson,* 246 Ga. 216, 218 (271 SE2d 137) (1980). See also *Perry Develop. Corp. v. Colonial Contracting Co.,* 231 Ga. 666, 668-669 (203 SE2d 475) (1974). Appellant's contentions that the trial court erred in admitting testimony pertaining to the oral agreement and in finding the agreement enforceable are meritless.

4. In his eleventh and twelfth enumerations of error appellant asserts that the trial court erroneously denied his motions for involuntary dismissal pursuant to Code Ann. § 81A-141 (b). These enumerations are without merit. Appellees introduced evidence at trial which would have authorized a verdict in their favor, and for this reason the trial court's denial of appellant's motions was not error. See *Peach State Ford Truck Sales v. Davis,* 151 Ga. App. 7 (2) (258 SE2d 678) (1979).

5. Appellant argues further that the trial court erred in failing to enter judgment in his favor for the entire amount requested in his counterclaim. Our disposition of appellant's other enumerations in Divisions 1 through 4 of this opinion renders this argument singularly unpersuasive.

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

ARGUED JULY 9, 1980 — DECIDED NOVEMBER 10, 1980 —
REHEARING DENIED NOVEMBER 21, 1980 —

*Peter Q. Bassett,* for appellant.
*Roy E. Barnes, Pierre Howard, Jr.,* for appellees.